■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN WALSTON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered December 15, 1981, convicting him of robbery in third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The issue of identification of the defendant is critical in this case, as the only evidence linking him to the robbery was the identification testimony of the complaining witness. The witness had an abbreviated view of her assailant and defendant was apprehended very shortly after the crime with only $3 in his pocket and none of the stolen property. On these facts, the identification issue was sufficiently close so that errors committed at trial may have tipped the balance against the defendant and operated to deprive him of a fair trial. Accordingly, we reverse and order a new trial. The first error was permitting the testimony of a security officer that the complainant had identified defendant near the scene as the man who had robbed her. There can be no question that this statement improperly bolstered the victim's identifica-tion testimony and, as such, should have been excluded (see *People v Trow-bridge,* 305 NY 471). Moreover, a *Trowbridge* error cannot be deemed harm-less unless the evidence of identity is " 'so strong that there is no substantial issue on the point' ", e.g., that the evidence of identification is " 'clear and strong' " (*People v Mobley,* 56 NY2d 584, 585; *People v Napoletano,* 58 AD2d 83, 91). The second error was permitting the questioning of a defense witness regarding his failure to come forward with exculpatory information, without laying a proper foundation for that questioning. While the People did establish

that this witness had a "reasonable motive for acting to exonerate" defendant, they failed to establish that the witness was aware of the nature of the charges pending against defendant, that the witness had reason to recognize that he possessed exculpatory information, and that the witness was familiar with the means to make such information available to law enforcement authorities (see *People v Dawson,* 50 NY2d 311, 321, n 4). Accordingly, this line of questioning was error. Finally, we note that the People used several improper methods to impeach defendant's credibility, which further served to deprive him of a fair trial. In cross-examining defendant, the prosecutor improperly required him to say that the complaining witness was lying (see *People v Calderon,* 88 AD2d 604; *People v Ochoa,* 86 AD2d 637; *People v Goggins,* 64 AD2d 717). Furthermore, the People read from a document not in evidence and called a rebuttal witness to contradict defendant's statement on cross-examination that he did not recall saying that he was unemployed at the time of his arrest. Defendant's employment status was clearly collateral to the issue of whether he was guilty of robbery. "It is well established that the party who is cross-examining a witness cannot introduce extrinsic documentary evidence or call other witnesses to contradict a witness' answers concerning collateral matters solely for the purpose of impeaching that witness' credibility" (*People v Pavao,* 59 NY2d 282, 288-289). Moreover, the People improperly elicited the geographical location of crimes of which the defendant had been convicted. That he had been convicted of gambling and criminal mischief was clearly probative on the issue of his credibility. However, the fact that the crimes were committed in close proximity to the location of the instant offense was clearly irrelevant to the issue of credibility and, therefore, served only to establish criminal propensity, an impermissible objective (see *People v Sandoval,* 34 NY2d 371). Although not all of these errors have been preserved for review, we find that the cumulative effect was to deprive the defendant of a fair trial and that reversal is required. We have examined defendant's other contentions and find them to be without merit. Titone, J. P., Lazer, Thompson and O'Connor, JJ., concur.