them to be without merit. Brown, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DOUGLAS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered August 5, 1983, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant was not denied a fair trial by the extraneous comments of the prosecution's chief witness, all of which passed without objection. We have considered defendant's other contentions and find them to be without merit. Brown, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY FISHER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (O'Brien, J.), rendered January 21, 1983, convicting him of robbery in the first degree (three counts) and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Assuming, arguendo, that the testimony of Detective Scarmardella regarding the issuance of a "wanted card" for the defendant as a result of his conversation with one of the complainants constituted improper bolstering of the latter's identification testimony (cf, People v Cruz, 100 AD2d 882, 883; People v Brown, 91 AD2d 639; People v Tufano, 69 AD2d 826; People v Felder, 108 AD2d 869), Criminal Term's ultimate decision to strike that testimony and the delivery of an appropriate curative instruction served to alleviate any prejudice which might conceivably have been generated thereby. In addition, the proof of defendant's guilt was overwhelming.

While it clearly appears that the trial court erred in its charge on reasonable doubt by equating proof "beyond a reasonable doubt" with proof to a "moral certainty", and by informing the jurors that they must vote to acquit if their "minds are wavering" or if the "scales are even" (see, People v Dee, 106 AD2d 582; People v Wade, 99 AD2d 474; People v Ortiz, 92 AD2d 595), the absence of any proper objection on the part of the defendant constituted a failure to preserve this issue for our review as a matter of law (CPL 470.05 [2]). In any case, since a reading of the entire charge indicates that the concept of reasonable doubt was properly explained to the jury, the error does not warrant reversal in the interests of

justice (*see, People v Dee, supra; People v Turrell,* 66 AD2d 862, *affd* 50 NY2d 400; *People v Ortiz, supra; People v Patterson,* 76 AD2d 891).

We have considered defendant's remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, Niehoff and Lawrence, JJ., concur.