■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH LA ROSA Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered August 10, 1983, convicting him of robbery in the first degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered.

Defendant and a codefendant, Phillip Spinninger, with whom he was jointly tried, stand convicted of robbery in the first degree and criminal use of a firearm in the first degree. On this appeal, defendant contends, *inter alia,* that he was denied a fair trial as a consequence of numerous prejudicial errors committed during the course of the trial. A careful review of the record supports defendant's contention. Therefore, we reverse the judgment and order a new trial.

The most obvious error cited by the defendant involved the court's charge with respect to the quantum of proof necessary to sustain a guilty verdict. The trial court's utilization of the phrases "moral certainty" and "reasonable degree of certainty" in explaining the concept of proof beyond a reasonable doubt was clearly improper (*see, People v Morris,* 100 AD2d 600; *People v Lanni,* 73 AD2d 538; *People v Forest,* 50 AD2d 260). In addition, the court aggravated this error by indicating in its charge that the jury had to come up with a "substantial" and "articulable" reason for its doubts, and by suggesting that they might even be required to "tell what that doubt is" (*see, People v Balian,* 49 AD2d 94).

The trial court committed further error in this case in its instruction to the jury regarding the alibi evidence presented by defendant. Despite having received a written request to charge that the People have the burden of disproving an alibi beyond a reasonable doubt, the court nevertheless proceeded to instruct the jury, in part, that: "if the alibi proof raises a reasonable doubt in your mind as to whether the accused defendants were present at the time and place when and

where the crime is charged to have been committed, they are entitled to have this evidence treated like any other. They are not obliged to establish that it was impossible for them to have committed the acts charged. Even if under the evidence that they have presented you believe it still could have been possible for them to have committed the crimes charged, you are still faced with the duty of determining whether they actually availed themselves of that possibility."

An alibi charge which was materially similar to the one at bar was condemned by the Court of Appeals in *People v Victor* (62 NY2d 374, 378) for erroneously suggesting that defendant may have "bor[n]e at least some burden with respect to 'establishing' the alibi". Moreover, the infirmity present in the instant alibi charge was in no way mitigated by the court's further instruction that "every bit of this testimony, alibi or otherwise when it is brought before you, the People have to either prove it or disprove it beyond a reasonable doubt". " ' "Under New York law, a defendant has *no* burden of proving an alibi to any degree, and an instruction in that regard must be clearly and explicitly given to a jury when alibi evidence has been presented" ' " (*People v Schellhammer,* 97 AD2d 776, 777). The challenged charge neither explicitly nor clearly conveyed the requisite information.

Defendant was also prejudiced by numerous improprieties committed by the prosecutor during summation. In his closing comments, the prosecutor improperly vouched for his own case (*see, People v Butler,* 67 AD2d 950); denigrated the defense by using certain pejorative phrases which suggested that the alibi defense was concocted (*see, People v Torres,* 111 AD2d 885); misrepresented material facts; and misquoted testimony (*see, People v Knatz,* 76 AD2d 889). Although some of the remarks were stated without objection, the cumulative effect of all of the aforementioned errors necessarily deprived defendant of a fair trial, particularly when viewed in conjunction with what we perceive to be a case where proof of guilt was far from overwhelming. Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.