■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MELVIN COOK, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered September 1, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant contends that the trial court erred in permitting the prosecutor to question two alibi witnesses concerning their failure to come forward and give exculpatory information to law enforcement officials. "Cross-examination of a defendant's alibi witness as to his or her prior silence is generally permissible when done in 'good faith' because of the 'natural impulse of a person possession exculpatory information * * * to come forward at the earliest possible moment in order to forestall the mistaken prosecution of a friend or loved one' " *(People v Reed,* 83 AD2d 645, quoting from *People v Dawson,* 50 NY2d 311, 318, 323). In any event, the prosecutor was warranted, on cross-examination, in exploring the subject of the alibi witnesses' prior silence, since defendant waived any objection to the testimony in question when he opened the door to the subject during the direct examination of each witness *(see, People v Bunch,* 58 AD2d 608).

Further, it appears that even if admission of any of the criticized evidence was error, it was harmless in view of the overwhelming proof of guilt. Two eyewitnesses whose testimony was credible and who had observed defendant closely under good light for several minutes during the crime positively identified defendant near the crime scene approximately 30 minutes after the crime. Conversely, the testimony of the two alibi witnesses contradicted each other. The jury chose to believe the eyewitnesses and disbelieve the alibi witnesses. Under the circumstances, the identification of the defendant by the two eyewitnesses was sufficient to support the judgment of conviction *(cf. People v Morris,* 100 AD2d 600; *People v Walston,* 99 AD2d 847; *People v McCann,* 90 AD2d 554).

Contrary to defendant's contentions, the prosecutor's summation was proper and did not deprive him of a fair trial *(see, e.g., People v Galloway,* 54 NY2d 396; *People v Jones,* 89 AD2d 875).

Defendant has not preserved for appellate review any of his belated claims of error with respect to the court's charge *(see, People v Gonzales,* 56 NY2d 1001; *People v Cruz,* 97 AD2d 518) and, in any event, the charge, taken as a whole, conveyed the correct applicable standards to the jury *(see, People v Canty,* 60 NY2d 830).

Finally, defendant's sentence of 4 to 12 years for the class B armed violent felony of robbery in the first degree is well below the maximum permissible sentence of 12½ to 25 years *(see,* Penal Law § 70.02 [2] [a]; [3] [a]; [4]), and cannot be termed excessive under the facts of this case. Bracken, J. P., Rubin, Lawrence and Eiber, JJ., concur.