■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DWAYNE SAMUEL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered September 23, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Despite its result, the trial was a tribute to prosecutorial ineptness. Nevertheless, in the totality of all the circumstances, we conclude there should not be a reversal. On cross-examination the defendant was improperly asked to characterize the complainant's testimony as untrue. However, defense counsel's objection was promptly sustained before the defendant could answer and no curative instruction was requested. Thus, the error was not preserved for appellate review (see, People v Dawson, 50 NY2d 311, 316). Furthermore, the prosecutor's question to the defendant that "you said you sold [the complainant] stolen jewelry, right?" cannot be said to have been asked in bad faith, especially in light of the Trial Judge's remark that he had also heard the defendant testify to that effect. In any event, the court properly instructed the jurors that their recollection of the testimony was to control.

While a defense witness should not have been asked whether he had refused to speak to the prosecutor and whether he had ever told the police what he was now telling the jury, the court's prompt curative instruction properly informed the jury that a witness has no obligation to disclose his testimony to the People (cf. People v Morris, 100 AD2d 600). Summation remarks which, among other things, tended to suggest that the defense witnesses were untruthful, are, under the facts of this case, insufficient to warrant reversal. We note that the prosecutor never directly called the defendant or other defense witnesses liars, nor did he detail the occasions on which he asserted they had lied (cf. People v Dowdell, 88 AD2d 239, 247).

Criminal Term correctly denied the defendant's motion to dismiss the indictment for failure to provide him with a speedy trial pursuant to CPL 30.30. The defendant's remaining contention has been reviewed and found to be without merit. Lazer, J. P., Thompson, Lawrence and Eiber, JJ., concur.