■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RUBY MITCHELL, Appellant Memoran-
dum: On appeal from a judgment convicting him of man-
slaughter in the first degree for the stabbing death of Darryl
Taylor, defendant primarily contends that the charge of the
court to the jury was erroneous and prejudicial and denied
him a fair trial. We disagree.

While it clearly appears that the trial court erred in using
the phrase "reasonable degree of certainty" in explaining the
concept of proof beyond a reasonable doubt (see, People v La
Rosa, 112 AD2d 954; People v Morris, 100 AD2d 600), the
absence of any objection by the defendant constituted a failure
to preserve this issue for our review as a matter of law (CPL
470.05 [2]). The error is not one which expressly shifts any
burden of proof to the defendant and is subject to the require-
ment of preservation for appellate review (see, People v
Thomas, 50 NY2d 467; see also, People v Ahmed, 66 NY2d 307,
310). A reading of the entire charge convinces us that the
concept of reasonable doubt was otherwise properly explained
to the jury (see, People v Blackshear, 112 AD2d 1044; People v
Fisher, 112 AD2d 378; People v Dee, 106 AD2d 582; People v
Griffin, 100 AD2d 659). As the evidence of defendant's guilt
was strong, and the charge, when viewed as a whole, conveyed
the proper standard to the jury, the error does not warrant
reversal in the interest of justice (CPL 470.15 [6] [a]; see,
People v Fisher, supra; People v Dee, supra).

We have considered defendant's remaining contentions and
find them to be without merit.

All concur, except Lawton J., who dissents and votes to
reverse and grant a new trial, in the following memorandum.

Lawton J. (dissenting). I respectfully dissent. The trial
court's utilization of the phrase "reasonable degree of cer-
tainty" in defining "reasonable doubt" is improper as it estab-
lishes a lesser standard of proof required for conviction (see,
People v La Rosa, 112 AD2d 954; People v Morris, 100 AD2d
600, 601; People v Forest, 50 AD2d 260, 262). Compounding
this error the trial court after enunciating the lesser "reason-
able certainty" standard stated that if the People fail to meet
this burden "then the defendant is entitled to the benefit of
the reasonable doubt and to acquittal." Implicit in this is the
charge that the jury must convict if the prosecutor proves
defendant guilty beyond a reasonable certainty. Such an
erosion of the constitutional reasonable doubt standard should
not be sanctioned (see, People v Cotto, 28 AD2d 1116, 1117).

Further aggravating this error, the trial court in discussing reasonable doubt erroneously charged the jury that each juror had to come up with substantial reasons for his or her doubt and be able to explain it to the other jurors. Such a charge further diminishes the reasonable doubt standard *(see, People v La Rosa, supra; People v Balian,* 49 AD2d 94). The combination of these errors, though not excepted to by defendant, mandates that defendant be granted a new trial in the interests of justice *(see, People v Lanni,* 73 AD2d 538). (Appeal from judgment of Chautauqua County Court, Adams, J.—manslaughter, first degree.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Schnepp, JJ.