■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS RENFORD, Appellant.—Judgment unanimously affirmed. Memorandum: The suppression court correctly found that probable cause existed for the arrest of the defendant. Contrary to defendant's contention, proof of probable cause at the hearing may be based upon hearsay (CPL 710.60 [4]).

Since defendant made no request to charge and did not object to the court's jury charge as given, his claim that the court erred in its charge as to reasonable doubt was not preserved for our review (CPL 470.05 [2]; *People v Robinson,* 36 NY2d 224, *remittitur amended* 37 NY2d 784, *rearg denied* 37 NY2d 786) and we decline to exercise our discretion in the interests of justice (CPL 470.15 [3] [c]).

That portion of the indictment charging grand larceny in the third degree is not fatally defective for its failure to allege specifically the value of the property stolen. The factual allegations, including the property description, permit the sole conclusion that guilt was based upon the theft of property exceeding $250 in value, and thus adequately alleged the essential elements of the crime *(see, People v Morris,* 61 NY2d 290; *People v Iannone,* 45 NY2d 589). Under these circumstances, the court did not err by permitting amendment of the indictment during trial (CPL 200.70). (Appeal from judgment of Supreme Court, Monroe County, Curran, J.—criminal trespass, third degree, and grand larceny, third degree.) Present—Dillon, P. J., Callahan, Green, Balio and Schnepp, JJ.