■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS GIVENS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered February 2, 1983, convicting him of criminal possession of a weapon in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Cross-examination of a witness with exculpatory information as to his or her prior silence is generally permissible when done in good faith because of the "natural impulse of a person possessing exculpatory information * * * to come forward at the earliest possible moment in order to forestall the mistaken prosecution of a friend or loved one" *(People v Dawson,* 50 NY2d 311, 318; *People v Cook,* 117 AD2d 675, 676, *lv denied* 67 NY2d 941). We find no error regarding the cross-examination because a proper foundation was laid. A Bench conference took place at the start of the cross-examination, and the defense counsel did not request an additional curative instruction *(People v Dawson,* 50 NY2d 311, *supra; People v Cook,* 117 AD2d 675, *supra; People v Washington,* 131 AD2d 795). In any event, the prosecutrix was warranted, on cross-examination, in exploring the subject of the witness' prior silence, since the defense counsel examined the witness on this subject during direct examination *(People v Cook, supra).*

The defendant's assertions of impropriety in the prosecutrix' summation were not preserved for appellate review, as no objections were taken *(see,* CPL 470.05 [2]). In any event, the comments were a fair response to remarks made by defense counsel on summation and did not deprive defendant of a fair trial *(see, People v Marks,* 6 NY2d 67, *cert denied* 362 US 912; *People v Blackman,* 88 AD2d 620). Thompson, J. P., Bracken, Lawrence and Harwood, JJ., concur.