THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
BIENVENIDO DE LA HOZ, Appellant.

First Department, November 5, 1987

**APPEARANCES OF COUNSEL**

*Bienvenido De La Hoz,* appellant *pro se.*

*Donna Krone* of counsel *(Robert M. Morgenthau, District Attorney,* attorney), for respondent.

## OPINION OF THE COURT

Per Curiam.

Defendant, *pro se,* applies for a writ of error coram nobis, pursuant to *People v Bachert* (69 NY2d 593), on his claim that assigned appellate counsel was ineffective.

Defendant was convicted on November 22, 1976 in Supreme Court, New York County (Clifford A. Scott, J.), of two counts of murder in the second degree and criminal possession of a dangerous weapon in the second degree. This court unanimously affirmed his conviction on December 7, 1978 (66 AD2d 1033). Leave to appeal to the Court of Appeals was denied on January 30, 1979 (46 NY2d 915). A subsequent application for reconsideration, based on defendant's claim that his appellate counsel had been ineffective for having failed to challenge the admissibility of defendant's postarrest admissions, was denied on August 7, 1982.

Defendant moved in the trial court on November 16, 1984 to vacate the judgment because of alleged defects in the trial court's instructions on intent as it related to felony murder. That application was denied on January 23, 1985.

On June 23, 1986, defendant moved in the United States District Court for the Southern District of New York for a writ of habeas corpus to set aside the judgment. As well as the issues his counsel had addressed on his direct appeal to this court, he raised the same claim of ineffective assistance of appellate counsel as originally presented in his second application for leave to appeal to the Court of Appeals and the claim, raised in his 1984 motion to vacate, that the court's charge on intent was incorrect. In opposition, the People argued, *inter alia,* that defendant had failed to exhaust his State court remedies regarding several of his claims. Defendant then requested permission to withdraw his petition, without prejudice, to enable him to pursue his State remedies. The court granted the request on November 11, 1986. Defendant then moved at Supreme Court on January 29, 1987, pursuant to CPL 440.10, to vacate the judgment. This application was denied on July 2, 1987. He now petitions for a writ of error coram nobis on the ground that he was deprived of his constitutional right to the effective assistance of appellate counsel.

In *People v Bachert* (69 NY2d 593), the Court of Appeals held that the most appropriate proceeding for a review of a claim of ineffective appellate counsel is a writ of error coram nobis before the appellate tribunal where the representation occurred. Thus, the matter is properly before us and ripe for review.

The essence of defendant's present application is that the brief filed on his behalf on the original appeal was "woefully inadequate", inasmuch as the issues raised were "ill prepared and meritless" and the brief lacked "reference to even a single citation of authority." At the outset, we note that the 42-page brief filed by defendant's counsel in this court contained seven enumerated points, supported by references to portions of the record, as well as citations of relevant cases, statutes and treatises, which were catalogued in a five-page table of authorities. The issues raised were varied and hardly frivolous, and although other issues might arguably have been addressed, their absence alone does not support defendant's contention that he was deprived of the right to effective assistance of appellate counsel, particularly since there has been no showing anywhere of the existence of an issue that was overlooked and which might warrant reversal. Defendant's claim that the issues raised by counsel were meritless is also belied by his incorporation of them in his application for a writ of habeas corpus in the Southern District.

Defendant also argues that he would have been better served if counsel had filed a motion to withdraw pursuant to *People v Saunders* (52 AD2d 833) on the ground that no nonfrivolous issues existed, since, on such an application, the reviewing court, he contends, would have scrutinized more closely the record on appeal.

Undoubtedly, a defendant is entitled to effective assistance of appellate counsel. *(Evitts v Lucey,* 469 US 387; *People v Casiano,* 67 NY2d 906; *People v Gonzalez,* 47 NY2d 606.)* In reviewing claims of ineffective assistance, however, "care must be taken to 'avoid both confusing true ineffectiveness * * * with mere losing tactics and according undue significance to retrospective analysis.' " *(People v Satterfield,* 66 NY2d 796, 798, quoting *People v Baldi,* 54 NY2d 137, 146.)* In *Strickland v Washington* (466 US 668), the Supreme Court noted that to sustain a claim of ineffective assistance a defendant must establish that his counsel's conduct was not reasonably competent and resulted in legal prejudice to him. The court noted, "Judicial scrutiny of counsel's performance must be highly

deferential * * * [T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment" *(supra,* at 689-690).

In raising a claim of ineffective appellate counsel, defendant has a significant burden, which he has not overcome. Indeed, he fails to identify a single issue that his appellate counsel failed to present. His claims of an appellate brief bereft of a single citation are belied by a cursory perusal of the brief, which contains extensive citations. As already noted, counsel raised seven issues, all of which defendant chose to incorporate in a subsequent application.

The only new issue regarding counsel's ineffectiveness appears to be an oblique reference to counsel's failure to note that even if defendant did not object to certain testimony at trial, the issue is nonetheless preserved for review where it is of constitutional dimension. Defendant fails to specify exactly what testimony should not have been admitted or what constitutional right was violated, but we note that on his direct appeal his counsel did challenge the testimony of a previous identification.

Defendant's claim that he would have been better served by a *Saunders* application, thereby assuring a more careful judicial review of the record, reinforces our conclusion that he does not have any issue warranting reversal. An attorney who discerns the existence of nonfrivolous issues may not withdraw and must file a brief which addresses the merits. *(See, People v Casiano,* 67 NY2d 906.) The wisdom of this approach is obvious, since it assures that at least an attorney retained by or assigned to a defendant, cognizant of the defendant's particular interests, will review the record and present any viable arguments. The procedures outlined in *Saunders (supra)* are designed to prevent an attorney from, in essence, forfeiting a defendant's right to appeal, by assuring that the reviewing court scrutinizes an attorney's conclusion that nonfrivolous issues do not exist. But, in the first instance, it is the defendant's attorney who must pore through the record and search for any colorable issues. This is clearly the preferred procedure. As the court in *Casiano* noted, "[N]either a review of the record by the Appellate Division nor a *pro se* brief can substitute for the single-minded advocacy of appellate counsel" *(supra,* at 907, citing *People v Gonzalez,* 47 NY2d 606, 610-611).

In conclusion, we note the ever burgeoning number of applications which raise a claim of ineffective assistance of appellate counsel. The burden lies with those raising the issue to rebut the presumption that counsel has been effective. The mere existence of an unraised issue will not suffice. A defendant must show that had the issue been raised a greater likelihood would exist that the judgment would have been reversed, or at least, modified. The right of appeal only guarantees review, not reversal.

Accordingly, the motion for a writ of error coram nobis should be denied.

MURPHY, P. J., KUPFERMAN, SANDLER, SULLIVAN and ROSS, JJ., concur.

Application, in the nature of writ of error coram nobis, for review of appellant's claim of ineffective assistance of appellate counsel, and for other related relief, denied.