■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEE HARDY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant maintains on this appeal that the trial court's instructions to the jury defining reasonable doubt improperly shifted the burden of proof. While it is apparent that the trial court misspoke during its charge to the jury when it used the word "innocence" instead of guilt in explaining the concept of proof beyond a reasonable doubt, the absence of timely objection by the defendant constitutes a failure to preserve this matter for our review as a matter of law (CPL 470.05 [2]; *People v Renford,* 125 AD2d 967, *lv denied* 69 NY2d 885; *People v Mitchell,* 124 AD2d 977). Moreover, the evidence of defendant's guilt was overwhelming, and the charge, when viewed as a whole, conveyed the proper standard to the jury and thus does not warrant reversal in the interest of justice (CPL 470.15 [3] [c]; *People v Renford, supra; People v Mitchell, supra).* We also find that the statements made to the police by the victim immediately after he had been robbed at gunpoint were properly admissible under the excited utterances exception to the hearsay rule *(see, People v Edwards,* 47 NY2d 493). On this record, there is nothing to indicate that the court abused its discretion in sentencing defendant. (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—robbery, first degree, and criminal possession of weapon, third degree.) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.