■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR CHANGANAQUI, Appellant.—Judgment, Supreme Court, New York County (Stephen Crane, J.), rendered May 12, 1986, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree (two counts), criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (five counts), and criminal possession of a controlled substance in the seventh degree, and sentencing him to an aggregate sentence of 35 years to life, and an order of the same court, entered December 18, 1987, denying defendant's CPL article 440 motion to set aside the judgment, unanimously affirmed.

Defendant received "meaningful representation". *(People v Baldi,* 54 NY2d 137, 147.) While defendant argues that he was abandoned by trial counsel for refusing to take a guilty plea, counsel in fact presented a cogent defense on defendant's behalf. Certainly the outcome of the trial was not affected by the alleged errors that were the subject of the CPL article 440 proceeding, or those alleged errors raised for the first time on appeal. *(People v De La Hoz,* 131 AD2d 154, *lv dismissed* 70 NY2d 1005.)

The record is insufficient to review defendant's argument that a court officer was allowed to tell the jury to cease deliberations. We have also considered defendant's remaining contentions, including those raised in his supplemental brief, and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.