■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v KEITH PALMER, Appellant.—Judgment, Supreme Court, New York County (Richard Failla, J.), rendered July 20, 1990, convicting defendant after a jury trial of 4 counts of robbery in the second degree, for which he was sentenced as a predicate violent felony offender to concurrent terms of 6 to 12 years, unanimously affirmed.

Defendant and two co-defendants robbed the passenger and driver of a parked taxicab. Nearby plainclothes officers, observing the altercation, apprehended the perpetrators, one of whom tossed away the toy gun which was used in the robbery. As the police passed the scene of the incident, they heard the driver exclaim, "Help, they robbed me. They have a gun." The court permitted introduction of this statement as an excited utterance. Considering that the declarant had just been robbed *(People v Rowley,* 160 AD2d 963, *lv dismissed* 76 NY2d 896, *lv denied* 78 NY2d 926; *People v Hardy,* 136 AD2d 915, *lv denied* 71 NY2d 969), which was a startling event *(see, People v Caviness,* 38 NY2d 227, 230) and the short lapse of time between the robbery, apprehension and the declaration *(see, People v Edwards,* 47 NY2d 493, 497; *People v Brown,* 70 NY2d 513, 519), we find no basis to disturb the hearing court's sound exercise of discretion. Nor do we find that the court

failed to respond meaningfully to the jury note (see, *People v Malloy,* 55 NY2d 296, 301-302, *cert denied* 459 US 847) or that the supplemental instruction, which tracked the statutory definition of the relevant charge of robbery, was erroneous. Concur—Carro, J. P., Milonas, Rosenberger and Asch, JJ.