THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE CANNON, Appellant. [644 NYS2d 311]

The defendant's conviction arose from an incident in which he allegedly drove a school bus through a red light, hitting and damaging another vehicle and causing injuries to the driver of that vehicle.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, we agree with the defendant that the court erred in refusing to admit into evidence, as "excited utterances", statements made by the defendant to the bus matron, the only passenger on the school bus, immediately following the accident. At a conference outside the presence of the jury, the defense attorney represented that the bus matron would have testified that immediately after the crash, the defendant, pounding his fists on the steering wheel, shouted, two or three times, statements to the effect of "damn, she just ran the red light."

The "excited utterance" exception to the hearsay rule is based on "the assumption that a person under the influence of the excitement precipitated by an external startling event will lack the reflective capacity essential for fabrication and, accordingly, any utterance he makes will be spontaneous and trustworthy" *(People v Edwards,* 47 NY2d 493, 497). Whether a statement is admissible under this exception is a determination to be made in the first instance by the trial court after consideration of all the circumstances, including the physical, psychological, and emotional condition of the declarant *(see, People v Brown,* 70 NY2d 513).

"In making that determination, the court must ascertain whether, at the time the utterance was made, the declarant was under the stress of excitement caused by an external event sufficient to still his reflective faculties, thereby preventing opportunity for deliberation which might lead the declarant to be untruthful. The court must assess not only the nature of the startling event and amount of time which has elapsed between the occurrence and the statement, but also the activities of the declarant in the interim to ascertain if there was significant opportunity to deviate from the truth. Above all, the decisive factor is whether the surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection" *(People v Edwards, supra,* 47 NY2d, at 497).

In excluding the proposed testimony of the bus matron, the court determined that the defendant's statement did not qualify as an excited utterance because it was in response to a question, it was self-serving, and the declarant was available to testify at trial. This was error. A statement may qualify for admission as an excited utterance even though it is self-serving *(see, People v Sostre,* 51 NY2d 958) or was uttered in response to a question *(see, People v Edwards, supra).* Further, it may qualify even though the declarant is available to testify at the trial *(see, People v Buie,* 86 NY2d 501, 506-507).

We hold that the statements made by the defendant immediately after the accident, to the effect that the driver of the car ran the red light, were not made under the impetus of studied reflection but, rather, were made while the defendant was still under the influence of the crash. Because we find that this was a very close case, in which proof of recklessness which is an element of the crime of criminal mischief in the fourth degree under Penal Law § 145.00 (3) was not overwhelmingly established, we cannot conclude that the court's error in refusing to allow the statements into evidence constituted harmless error *(see, People v Crimmins,* 36 NY2d 230). Accordingly, the defendant is entitled to a new trial.

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Balletta, J. P., Rosenblatt, Thompson and Copertino, JJ., concur.