■ The People of the State of New York, Respondent, v Leonardo Larrea, Appellant. [674 NYS2d 39] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered March 21, 1990, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to two consecutive terms of 15 years to life, unanimously affirmed.

A witness's screamed intention to "get" the perpetrators was

not offered for its truth and thus was not hearsay. In any event, this statement was properly received as an excited utterance, since it was clearly made under the stress of excitement caused by the crime (*see, People v Cannon*, 228 AD2d 513, 514).

The court properly exercised its discretion by refusing to declare a mistrial based on the jury's purported deadlock (*see, Matter of Plummer v Rothwax*, 63 NY2d 243; *People v Samper*, 239 AD2d 191, *lv denied* 90 NY2d 910). Defendant failed to preserve his remaining claims concerning the court's communications with the deliberating jury, each of which requires preservation (*see, People v Starling*, 85 NY2d 509, 516), and we decline to review them in the interest of justice. Were we to review them, we would find them to be without merit.

The court's ruling permitting the People's cross-examination of defendant as to prior bad acts was a proper exercise of discretion since these acts were highly probative of credibility and the People established a good faith basis for such questioning (*see, People v Gray*, 84 NY2d 709, 712; *People v Kass*, 25 NY2d 123, 125-126). Concur—Milonas, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.