**Leonardo LARREA, Petitioner–Appellant,**

v.

**Floyd G. BENNETT, Jr., Superintendent, Elmira Correctional Facility, Respondent–Appellee.**

Docket No. 02–2540.

United States Court of Appeals, Second Circuit.

Argued: Sept. 12, 2003.

Decided: May 18, 2004.

support for our holding that section 4022.13     was not vague as applied to Perez.

Jason H. Sterne, Buffalo, NY, for Petitioner–Appellant.

Morrie I. Kleinbart, Assistant District Attorney for New York County (Robert M. Morgenthau, District Attorney, Michael S. Morgan, Assistant District Attorney, on the brief), New York, NY, for Respondent–Appellee.

Before: JACOBS, LEVAL, and POOLER, Circuit Judges.

POOLER, Circuit Judge.

Petitioner Leonardo Larrea appeals the district court's dismissal of his petition for a writ of habeas corpus, which centers on an assertedly erroneous and prejudicial supplemental *Allen* charge.[1] Petitioner's trial attorney did not make an appropriate objection. After Larrea's trial but before argument of his appeal, New York's highest court held that a charge virtually identical to the supplemental charge given to Larrea's jury violated the federal and state constitutions. *See People v. Antommar-chi*, 80 N.Y.2d 247, 590 N.Y.S.2d 33, 604 N.E.2d 95 (1992). Although appellate counsel cited *Antommarchi* and argued that the *Allen* charge was error, he did not contend that trial counsel's failure to object to the charge was constitutionally ineffective. Larrea now argues that both his trial and his appellate attorneys were constitutionally ineffective.

Because Larrea filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and the state courts reached the merits of his claims, he must show that the state courts reached a result contrary to Supreme Court precedent or that they unreasonably applied Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Because an analysis of the relevant Supreme Court precedent quickly establishes that Larrea cannot make this showing, his petition fails.

## BACKGROUND

In 1990, a New York County Supreme Court jury convicted Larrea of two counts of second degree murder. After about six hours of deliberation, the jury sent out a note saying: "We the jury ha[ve] not yet reached a verdict since 1:15 p.m." About a half an hour later, the court discharged the jury for the day. At 1:58 p.m. the next day, the jury notified the court that it was deadlocked. The court then gave a preliminary *Allen* charge. At 5:00 p.m., the jury again communicated that it was deadlocked. This time, the jury indicated that the same 11–1 deadlock had existed since the day before. The note also said, "[f]urther deliberations will be useless." At 5:15 p.m., the judge gave a supplemental *Allen* charge, which included the following language:

---

1. *See Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

Now, you swore that if you had a reasonable doubt, I mean a reasonable doubt on any ... point or material element or on the evidence or lack of it and that one or more of your fellow jurors questions you about it that you would be willing to give him or her what you believe is a fair and calm explanation for your position based upon the evidence and the lack of evidence.

Defense counsel moved for a mistrial, arguing that "as the jury says[,] further deliberations would be useless and I think anything at this hour is coercive." Counsel did not, however, identify any defect in the language of the charge. The court denied his application. Two minutes after resuming deliberations, the jury found Larrea guilty on both counts.

Two years after Larrea's trial, the New York Court of Appeals determined in *Antommarchi* that an *Allen* charge almost identical to the second charge given at Larrea's trial violated the defendant's state and federal due process rights. 590 N.Y.S.2d at 36, 604 N.E.2d 95. Larrea's direct appeal was argued in 1997, and appellate counsel made a point of contesting the second *Allen* charge in light of *Antommarchi*. However, despite Larrea's repeated urging, appellate counsel did not argue that trial counsel's failure to object to the charge constituted ineffective assistance of counsel. Apparently counsel believed that the ineffective assistance counsel claim could and should be raised in a post-appeal motion.

The Appellate Division, First Department, affirmed Larrea's conviction. *People v. Larrea*, 251 A.D.2d 113, 674 N.Y.S.2d 39 (1st Dep't 1998). With respect to the *Antommarchi* claim and other claims concerning the court's interactions with the jury, the First Department said:

Defendant failed to preserve his remaining claims concerning the court's communications with the deliberating jury, each of which requires preservation (*see, People v. Starling*, 85 N.Y.2d 509, 516, 626 N.Y.S.2d 729, 650 N.E.2d 387), and we decline to review them in the interest of justice. Were we to review them, we would find them to be without merit.

674 N.Y.S.2d at 39. A judge of the Court of Appeals denied leave to appeal, *People v. Larrea*, 92 N.Y.2d 900, 680 N.Y.S.2d 64, 702 N.E.2d 849 (1998), and the Supreme Court denied certiorari. *Larrea v. New York*, 526 U.S. 1025, 119 S.Ct. 1267, 143 L.Ed.2d 362 (1999).

In February 2000, Larrea challenged the effectiveness of his trial counsel in a New York Criminal Procedure Law § 440.10 proceeding. The trial court rejected this claim, finding that Larrea was required to raise it on direct appeal because it was clear from the record that trial counsel failed to object to the supplemental *Allen* charge. The court also said:

Moreover, upon review of the merits the court would deny the motion. While the right to effective assistance of counsel is guaranteed by both the federal and state constitutions, an unsuccessful result at trial does not automatically indicate ineffective representation. U.S. Const., 6th Amend; N.Y. Const., Art I, § 6. Generally, the question of effective representation "is satisfied when the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal the attorney provided meaningful representation." *People v. Baldi*, 54 N.Y.2d 137, 444 N.Y.S.2d 893, 429 N.E.2d 400 (1981). Defendant has the burden to show that the representation was less than meaningful or that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668,

104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendant has failed to satisfy this burden.

The Appellate Division denied leave to appeal.

On July 19, 2000, Larrea, represented by his current counsel, petitioned the Appellate Division, First Department, for a writ of error coram nobis. He contended that his appellate counsel's failure to argue ineffective assistance of trial counsel denied Larrea effective assistance of appellate counsel. The Appellate Division dismissed his petition citing *People v. De La Hoz,* 131 A.D.2d 154, 520 N.Y.S.2d 386 (1st Dep't 1987).

In May 2001, Larrea filed a habeas petition in the Clerk's office for the United States District Court for the Southern District of New York. As grounds, Larrea included (1) the improper *Allen* charge; (2) trial counsel's failure to object properly to the charge; and (3) appellate counsel's failure to raise ineffective assistance of trial counsel on direct appeal.

Magistrate Judge Andrew Peck, to whom Larrea's petition was referred for a report and recommendation, advised that the district court should dismiss the petition. Judge Peck found that both the due process and ineffective assistance of trial counsel claims were rejected by the state courts on independent and adequate state grounds and that Larrea could not assert ineffective assistance of appellate counsel as cause for these defaults because the appellate counsel issue lacked merit. In addressing the appellate counsel claim, the magistrate judge noted preliminarily that the Appellate Division dismissed Larrea's ineffective assistance of appellate counsel claim on the merits. Thus, habeas relief could be granted only if the Appellate Division's decision was contrary to or an unreasonable interpretation of existing Supreme Court holdings. 28 U.S.C. § 2254(d)(1). In light of the paucity of pre-*Antommarchi* authority suggesting that the trial court's *Allen* charge was reversible error, the magistrate judge found that appellate counsel could not have persuaded the Appellate Division on direct appeal of trial counsel's ineffectiveness. Because appellate counsel had no obligation to raise a meritless argument, the magistrate judge held that the Appellate Division's determination that appellate counsel was not ineffective was a reasonable interpretation of Supreme Court holdings.

Judge Shira Scheindlin approved the report and recommendation and dismissed Larrea's petition although she termed the issue a "close call" and issued a certificate of appealability.

Larrea appealed. He argues principally that pursuant to *Bloomer v. United States,* 162 F.3d 187 (2d Cir.1998), and *McKee v. United States,* 167 F.3d 103 (2d Cir.1999), an attorney is constitutionally ineffective if she fails to object to a charge when (1) there is a reasonable probability—in light of prior cases—that the erroneous charge will lead to reversal on appeal and (2) the relevant appellate court later determines that the charge was erroneous.

## DISCUSSION

Pursuant to AEDPA, a federal court may grant a habeas petition notwithstanding a contrary state court adjudication on the merits only if that adjudication

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Because Larrea does not question the state court's factual findings, we conduct our analysis under the first AEDPA review prong.

■■■ We begin with the issue of adjudication on the merits. A court adjudicates a claim on the merits "when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." *Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir.2001). If the adjudication is for substantive rather than procedural reasons, it is of no moment that the state court gives no explanation. *Id.* at 311–13. In rejecting Larrea's appellate counsel claim, the Appellate Division cited only *De La Hoz,* in which the court rejected an ineffective assistance claim solely on the merits. Thus, the court's decision clearly was an adjudication on the merits.

■■■ The district court found that Larrea's remaining two claims—the error in the *Allen* charge and the ineffective assistance of trial counsel—were procedurally barred because the state courts rejected these claims on independent and adequate state grounds and Larrea did not show cause and prejudice or a fundamental miscarriage of justice. *See Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). On appeal, Larrea does not contest the district court's finding of an independent and adequate state ground for rejecting his first two arguments. However, as in district court, Larrea relies on the ineffectiveness of his trial counsel as cause for his default on the *Allen* claim and on the ineffectiveness of his appellate counsel as cause for his default of the trial counsel claim. Unless Larrea demonstrates that the appellate counsel claim has merit and thus can excuse the waiver of the other two claims, it will not be necessary to determine whether the first two adjudications were on the merits.

Thus, we must examine the relevant Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in which the Court set the standard for effective assistance of counsel. *Strickland* contains a two-prong test. The petitioner must first show that "counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 687–88, 104 S.Ct. 2052. He then must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

In judging the reasonableness of counsel's performance, the habeas court "must be highly deferential." *Id.* at 689, 104 S.Ct. 2052. It must assess counsel's conduct in light of the facts and law existing at the time and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

■■■ In this case, if trial counsel's failure to predict *Antommarchi* and thus to object was not outside the range of reasonably competent assistance, appellate counsel cannot be faulted for failing to argue ineffective assistance of trial counsel. To determine whether reasonable counsel would have predicted the *Antommarchi* outcome and objected to the trial court's supplemental *Allen* charge, we must examine the extent to which prior cases foreshadowed the *Antommarchi* holding. We begin with the observation that the *Antommarchi* court, itself, cited only out-of-state decisions in holding the contested charge to be unconstitutional. 590 N.Y.S.2d at 36, 604 N.E.2d 95.

Petitioner contends, however, that two cases from this court, *United States v. Klock,* 210 F.2d 217 (2d Cir.1954), and *United States v. Farina,* 184 F.2d 18 (2d

Cir.1950), and one from the New York Appellate Division, Second Department, *People v. La Rosa,* 112 A.D.2d 954, 492 N.Y.S.2d 633 (2d Dep't 1985), cast sufficient legal doubt on the constitutionality of the second *Allen* charge to require a reasonably competent attorney to object to that charge. The *Farina* court characterized an *Allen* charge defining a reasonable doubt as one for which the juror can give a reason as "[p]erhaps ... unwise" but did not reach the issue of whether under some circumstances it would require reversal because "the substantive proof against the defendants was ample, ... for lack of a timely objection no opportunity was given to the judge to reformulate his charge, and ... the charge as a whole as well as the conduct of the trial was eminently fair." 184 F.2d at 21. In *Klock,* we disapproved a similar charge but specifically stated that we did "not hold that the charge amounted to error." 210 F.2d at 224. The *La Rosa* court said:

> The most obvious error cited by the defendant involved the court's charge with respect to the quantum of proof necessary to sustain a guilty verdict. The trial court's utilization of the phrases "moral certainty" and "reasonable degree of certainty" in explaining the concept of proof beyond a reasonable doubt was clearly improper. In addition, the court aggravated this error by indicating in its charge that the jury had to come up with a "substantial" and "articulable" reason for its doubts, and by suggesting

that they might even be required to "tell what that doubt is."

492 N.Y.S.2d at 634 (internal citations omitted). These errors coupled with several others caused the court to hold that "the cumulative effect of all of the aforementioned errors necessarily deprived defendant of a fair trial, particularly when viewed in conjunction with what we perceive to be a case where proof of guilt was far from overwhelming." *Id.* at 635.

None of the cited cases hold that a charge suggesting that jurors should articulate their reasons for finding reasonable doubt, by itself, is error. At best, the cases suggest that some day the Court of Appeals or the First Department might find that such a charge, even in isolation, is error. A skilled attorney might have found these cases and crafted an argument based on them, but trial counsel's failure to do so was not outside the wide range of reasonably competent assistance, especially considering that the issue arose without warning in the heat of a trial.[2]

Based on the New York and Second Circuit cases that had been decided at the time of Larrea's trial, it was not objectively unreasonable within the meaning of *Strickland* for Larrea's trial counsel to fail to predict *Antommarchi.*[3] As a result, the state courts reasonably held that appellate counsel's failure to argue the ineffective assistance of trial counsel did not itself constitute ineffective assistance of counsel.

**2.** Petitioner also relies on cases from other jurisdictions. He cites no authority indicating that a reasonable attorney must be familiar with authority from jurisdictions other than her own, and we reject any such argument.

**3.** As we have discussed, Larrea relies almost exclusively on two cases from this circuit, *Bloomer* and *McKee,* to support his contention that trial counsel functioned ineffectively when he failed to predict *Antommarchi.* His

argument is unpersuasive in two respects. First, *Bloomer* and *McKee* arose in a particular factual and procedural context far removed from the context of Larrea's petition. Second, in addressing a state habeas petition after AEDPA, we judge whether the state courts reasonably interpreted Supreme Court precedent, not whether they reasonably interpreted our precedent. 28 U.S.C. § 2254(d)(1).

Because Larrea cannot prevail on his appellate counsel claim, he cannot overcome the procedural obstacles to consideration of his other two claims. Therefore the district court correctly denied Larrea's petition.

## CONCLUSION

We affirm the judgment of the district court.