■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR GAMBLE, Appellant. — Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: The failure of the People to establish a chain of custody linking defendant to heroin allegedly sold by him is fatal to defendant's conviction. When a fungible item, such as a powdery substance, is sought to be admitted as evidence, it must be established that the evidence is identical to that involved in the crime charged and that the evidence has not been tampered with (*People v Julian,* 41 NY2d 340, 342-343). This requires that all who have handled the item identify it and testify to its custody and unchanged condition or at least provide reasonable assurances of the identity and unchanged condition of the evidence (*People v Julian, supra,* citing *People v Connelly,* 35 NY2d 171, 174). This the People failed to do. The undercover agent who purchased the substance testified that he gave it to Officers Greene and Fink; Greene testified that he gave it to someone at the public safety building whom he "believed" was Detective Lincoln. Lincoln was called to testify but was not asked whether he ever handled the drugs from Greene. Thus, there is the first gap in the chain of custody. Officer Clark, however, testified that he received the packet from Lincoln and then put it in a police locker. The next witness, however, was Donald Walker, the forensic chemist who tested the substance. Walker testified that he received a white envelope containing a foil packet from Detective Mills. Mills, however, was not called to testify. Moreover, the other witnesses were never shown the exhibit and asked to identify it as the packet received from the undercover agent and placed in the police locker. Thus, there is nothing to establish that the envelope given to chemist Walker was taken from the police locker or, even if it was, that it was the same packet sold to the undercover agent. The People's failure to establish the source of Detective Mills' possession of the exhibit renders the evidence inadmissible. (Appeal from judgment of Niagara County Court, Hannigan, J. — criminal sale of controlled substance, third degree.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.