OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
This is a civil antitrust action for declaratory and injunctive relief brought by the State against two dairymen’s cooperative corporations, three non-co-operative corporations engaged in milk processing and distribution, and four individual officers of those corporations. The State’s complaint alleges that the defendants violated section 340 of the General Business Law[1] by entering into an agreement whereby competition in the purchasing of raw milk in New York State is or may be restrained. The issue presented on this appeal from the dismissal of that complaint is whether the conduct complained of is exempt from the provisions of the Donnelly Act by virtue of subdivision 3 of section 340 of the General Business Law, stating that the provisions of that act “shall not apply to cooperative associations, corporate or otherwise, of * * * dairymen * * * nor to contracts, agreements or arrangements made by such associations.” The complaint was properly dismissed because defendants’ activity falls with that statutory exemption.
In 1982, defendant Northeast Dairy Cooperative Federation, Inc. (NEDCO), purchased a milk manufacturing plant from Dellwood Foods, Inc. Both Dellwood and NEDCO then informed the dairy farmers from whom Dellwood had been purchasing raw milk that Dellwood would no longer be making such purchases, but that NEDCO assured a market for the milk of its co-operative members, including any Dellwood farmers who would choose such membership. In order to join NEDCO, the farmers would be required to pay an initial fee and allow NEDCO to deduct 11 cents *707 from each hundredweight purchased for co-operative costs. The State’s complaint charges that these costs were excessive and that the Dellwood farmers therefore did not want to sell to NEDCO, but were unable to sell to others because of an agreement among defendants and others in violation of the Donnelly Act. According to the complaint, in a single agreement, defendants allocated the Dellwood farmers to NEDCO, refused to purchase raw milk from them, and further agreed to persuade, induce and coerce other milk dealers to refuse to purchase raw milk from them.
Defendants moved to dismiss the complaint for failure to state a claim on the ground that any agreement among them would be exempt from prosecution under subdivision 3 of section 340 of the Donnelly Act. Special Term granted the motion and the Appellate Division, by a divided court, affirmed. We now affirm.
The State argues that the dairymen’s co-operative exemption in the Donnelly Act was meant to apply only to what it considers to be co-operative-type activities, such as group marketing and sale of raw milk on behalf of individual producers, and cannot extend to the alleged agreement among milk purchasers involved here, or to non-co-operative defendants. Neither the language of subdivision 3 of section 340 nor its legislative history, however, lends itself to those conclusions.
The language of the statutory exemption is broad and unambiguous: neither the acts of a dairymen’s co-operative nor its contracts, agreements or arrangements with others may be the subject of an action under the Donnelly Act. Such a legislative declaration, clear on its face, cannot be ignored. (Matter of Kleefeld, 55 NY2d 253, 259.)[2] The legislative history of the Donnelly Act, moreover, confirms the fact that no piecemeal exemption was intended. That history, set forth at length in the well-reasoned opinion in Margrove, Inc. v Upstate Milk Coop. (79 Misc 2d 309, 311-314, affd sub nom. Margrove, Inc. v Wegman’s Food Markets, 49 AD2d 669), shows a desire by the Legislature that *708 dairymen’s co-operatives and those with whom they contract or agree, be free from regulation under the Donnelly Act. They were instead to be regulated under the Farms and Markets Law (now the Agriculture and Markets Law).
The present regulatory scheme under the Agriculture and Markets Law is pervasive. The Commissioner of Agriculture and Markets is given broad supervisory, investigative and rule-making powers (Agriculture and Markets Law, §§ 254, 255). Milk dealers must be licensed (Agriculture and Markets Law, § 257), and such licenses are subject to revocation by the commissioner for several stated reasons (Agriculture and Markets Law, § 258-c). The commissioner is authorized and directed to examine and audit the books of milk dealers and co-operatives to insure, among other things, that prices paid to milk producers are fair (Agriculture and Markets Law, § 25’6-a), and may even provide for the fixing of milk prices (Agriculture and Markets Law, § 258-m, subd 1). The commissioner is also specifically empowered to institute actions to enforce compliance with the provisions of that law, or any rules or orders promulgated thereunder (Agriculture and Markets Law, § 258-e).
As the complaint alleged a violation of the Donnelly Act by means of an agreement or arrangement among dairymen’s co-operatives and others involving the purchase and distribution of milk, and no other claim, it was properly dismissed as to all defendants under subdivision 3 of section 340 of the General Business Law.[3]
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs in a memorandum.

. Article 22 of the General Business Law, which includes section 340, is known as the Donnelly Act.

. Where the Legislature has intended to limit a dairymen’s co-operative exemption to its co-operative-related activities, it has done so expressly. Subdivision (f) of section 258-c of the Agriculture and Markets Law provides that the only contracts or agreements of such co-operative deemed not to constitute an illegal monopoly for license-revocation purposes are those “making * * * collective sales and marketing (of daily products).” There is no similar limitation in the Donnelly Act.

. While the State raises the spectre of misuse of this exemption by non-cooperatives who inveigle a co-operative into an unrelated trade restraint conspiracy solely to obtain immunity for themselves, such a situation is not alleged here. Our ruling today does not mandate the extension of the exemption of subdivision 3 of section 340 of the General Business Law to such an arrangement, and courts are able to act on such abuses should they arise.