■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP TARDBANIA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of three counts of sodomy in the first degree; rape in the first degree; sexual abuse in the first degree and endangering the welfare of a child. The charges arose out of separate incidents in the early morning hours of New Year's Day, 1984, one involving a 12-year-old girl and the other an adult complainant. Defendant contends that he was deprived of a fair trial by comments of the prosecutor upon summation; that the court erred in refusing to sever the child endangerment charge; that the court erred in reinstating that charge after initially dismissing it; and that the court erred in denying his motion for a mistrial on the ground of improper influence on the jury.

We conclude that reversal is not required as a result of the prosecutor's comments. Defendant's objections to certain comments were sustained and the court gave adequate curative instructions *(People v Ashwal,* 39 NY2d 105, 111). Those comments to which defendant failed to object were for the most part, fair comment upon the evidence and within the wide rhetorical bounds afforded the prosecutor *(People v Ashwal, supra,* at 109-110). With respect to other comments which were improper, they did not deprive defendant of a fair trial (CPL 470.15 [6] [a]; *People v Galloway,* 54 NY2d 396).

The court properly denied defendant's motion to sever the child endangerment charge. Evidence of the incident between defendant and the 12-year-old girl, which occurred immediately prior to the incident involving the adult complainant, was material and admissible on the trial of the other counts of the indictment since it tended to disprove defendant's alibi and was probative of defendant's criminal intent in the latter incident (CPL 200.20 [2] [b]; *People v Tas,* 51 NY2d 915, 916-917; *People v Andrews,* 109 AD2d 939, 942-943). Because the offenses were properly joinable in the first instance *(see,* CPL 200.20 [2] [b]), the court lacked discretion to sever the child endangerment count (CPL 200.20 [3]; *People v Bongarzone,* 69 NY2d 892).

The court properly reinstated the child endangerment charge. The court had dismissed that count at the close of the People's proof based on its erroneous determination of law that corroboration of the girl's testimony was required *(see,* Penal Law § 260.11). The next day, prior to any further proceedings and out of the presence of the jury, the court *sua sponte* reconsidered its determination and reinstated the charge, holding that corroboration was not required. Defendant argues that reinstatement was improper because the evidence was insufficient to sustain the charge and because reinstatement violated his double jeopardy rights. We disagree. The court properly determined that corroboration was not required since the proof on the child endangerment charge did not establish acts within Penal Law article 130 *(see,* Penal Law § 260.11). Moreover, forcible compulsion was not required to be shown by the prosecution to establish defendant's guilt of child endangerment (Penal Law § 260.10). In any case, forcible compulsion was amply demonstrated by the girl's testimony that she was frightened of defendant and by the threat implicit in defendant's making sexual advances towards her in the confines of his car at 3:30 in the morning.

Reinstatement of the charge did not violate defendant's

double jeopardy rights. The guarantee against double jeopardy "protects against a second prosecution for the same offense after acquittal" *(North Carolina v Pearce,* 395 US 711, 717; *see also,* CPL 40.20 [1]). Here, the court's recognition of its erroneous legal ruling and reinstatement of the charge, within the context of a continuing trial and without additional proof having been taken, did not subject defendant to such "second prosecution." Rather, reinstatement of the sixth count was a continuation of the original prosecution *(cf.,* CPL 40.30 [3]). Thus, this is not a case such as that relied upon by defendant where " *'[t]he trial * * * has long since terminated in [defendant's] favor'* " or where " 'further proceedings of some sort * * * would have been required upon reversal and remand' " *(People v Brown,* 40 NY2d 381, 390, *cert denied* 433 US 913).

Finally, the court properly denied the motion for a mistrial. The court's inquiry established that no member of the jury had been subjected to improper influence by reading the offending newspaper article or acquiring knowledge of its contents *(see, People v Genovese,* 10 NY2d 478, 481-485). (Appeal from judgment of Oneida County Court, Murad, J., at sentencing—rape, first degree, and other offenses.) Present— Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.