■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PRICE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's conviction was based on legally sufficient evidence and was not against the weight of the evidence. We find that the credible evidence provides a valid line of reasoning to support the jury verdict and does not reasonably support a different finding *(People v Bleakley,* 69 NY2d 490, 495). Defendant further contends that he was deprived of a fair trial by prosecutorial misconduct. No objection having been raised to a number of these errors, they have not been preserved for our review *(People v Dawson,* 50 NY2d 311, 324; *People v Rubin,* 101 AD2d 71, 78). Where objections were interposed they were sustained and adequate curative instructions were given, thus dissipating any prejudice *(People v Ashwal,* 39 NY2d 105, 111; *People v Broady,* 5 NY2d 500, *cert denied* 361 US 8). Additionally, many of the alleged improprieties were within the wide rhetorical bounds granted to the prosecutor to comment upon the evidence or in response to defense counsel's summation *(People v Tardbania,* 130 AD2d 954, *affd* 72 NY2d 852).

It is further contended that reversal is necessitated by errors in the court's charge. Despite the instructions of this court and other courts to the contrary, the trial court used the inappropriate phrases "reasonable degree of certainty" *(People v Hewlett,* 133 AD2d 417; *People v Mitchell,* 124 AD2d 977; *People v La Rosa,* 112 AD2d 954; *People v Morris,* 100 AD2d

600) and "good sound substantial reason" *(People v La Rosa, supra; People v Balian,* 49 AD2d 94) in its charge of reasonable doubt. However, defense counsel failed to object to these alleged errors; thus, they have not been preserved for our review (CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467). In any event, when viewed as a whole, the court's charge properly conveyed to the jury the concept of reasonable doubt. (Appeal from judgment of Onondaga County Court, Cunningham, J.—murder, second degree, and other charges.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.