■ The People of the State of New York, Respondent, v Gordon Thompson, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a conviction of second degree robbery, defendant claims that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence, that the court's charge on intent and reasonable doubt impermissibly shifted the burden of proof and that the verdict was repugnant. Viewing the evidence in the light most favorable to the People (People v Contes, 60 NY2d 620), we find that the People established that defendant and the codefendant forcibly deprived the complainant of the use of his truck, caused substantial damage to it and caused the complainant to suffer physical injury. This was sufficient to sustain defendant's guilt under count 4 of the indictment (see, People v Greene, 70 NY2d 860; People v Dekle, 83 AD2d 522, affd 56 NY2d 835). The court's charge on intent neither created a conclusive presumption nor impermissibly shifted the burden of proof (see, People v Getch, 50 NY2d 456, 465; People v Barr, 75 AD2d 14, 16-17; People v Gray, 71 AD2d 295, 299; cf., Sandstrom v Montana, 442 US 510). Defendant's claim that the verdict was repugnant was not raised before the jury was discharged and thus has been waived (see, People v Alfaro, 66 NY2d 985; People v La Pella, 135 AD2d 735, lv denied 71 NY2d 898). Although the court's instructions on reasonable doubt contained some inappropriate phrases, since defense counsel failed to object, the error has not been preserved for our review (see, People v Price, 144 AD2d 1013). In any event, when viewed as a whole, the court's charge properly conveyed to the jury the concept of reasonable doubt. (Appeal from judgment of Onondaga County Court, Cunningham, J.—robbery, second degree.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.