■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK LUIS, Appellant.—Judgment unanimously affirmed. Memorandum: The suppression court's determination that the consent search of the apartment was valid is supported by the record; therefore, the items seized pursuant to this search were properly admitted into evidence (see, People v Gonzalez, 39 NY2d 122, 128). The items seized pursuant to the search warrant were erroneously admitted because the warrant was not based upon probable cause. The affidavit in support of the warrant application alleged that the victim had been attacked in the upper apartment of a house on Park Avenue, but failed to set forth any allegations demonstrating that the fruits of the crime would be in this particular apartment. However, we determine that the admission into evidence of the items seized pursuant to the warrant was harmless error. The proof against defendant is overwhelming and there exists no possibility that defendant would have been acquitted but for the admission of these items (see, People v Crimmins, 36 NY2d 230).

Defendant further argues that reversal is required because the court's charge on reasonable doubt was erroneous. Despite the instructions of this and other courts to the contrary, the trial court used improper phrases such as "reasonable degree of certainty" and "good, sound, substantial reason" when defining reasonable doubt *(see, People v Price,* 144 AD2d 1013, and cases cited therein). Because no objection was registered to the charge when given, defendant has failed to preserve his objections for review (CPL 470.05 [2]). Because the charge, when viewed in its entirety, conveyed to the jury the concept of reasonable doubt, we decline to reverse the conviction in the interests of justice.

We have examined defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Onondaga County Court, Cunningham, J.—attempted murder, second degree; robbery, first degree.) Present—Doerr, J. P., Denman, Balio, Lawton and Davis, JJ.