■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY GREEN, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from two convictions of criminal sale of a controlled substance in the third degree, defendant raises a number of contentions. None requires reversal. The officer's testimony about her mugshot identification of defendant did not constitute reversible error. No CPL 710.30 notice was required as the photo identification was merely confirmatory (see, People v Suren, 131 AD2d 896, 897, lv denied 70 NY2d 804; People v Kearn, 118 AD2d 871, 872-873). Further, the testimony concerning the photo identification did not constitute improper bolstering (see, People v Caserta, 19 NY2d 18, 21). The officer's testimony was elicited on cross-examination; the fact that defense counsel "opened the door" to the testimony renders the Caserta rule inapplicable and also waives the claim. Moreover, defendant did not object to the testimony, did not move to strike and did not allude to the claim of bolstering in moving for a mistrial; thus he has failed to preserve the claim for our review.

Testimony concerning defendant's "mugshot" and "rap sheet", which was inadvertently elicited by the prosecutor, did not deprive defendant of a fair trial. Further, there was no objection to the officer's testimony with respect to the presence of additional packets of cocaine on top of a desk in defendant's apartment at the time of the first buy. Thus defendant has failed to preserve his Molineux claim. In any event, such testimony did not show defendant's commission of other crimes.

The court did not err in admitting the cocaine because the testimony of the undercover officer and the police chemist established that the packets admitted into evidence were the same as those purchased by the officer and tested by the chemist, and demonstrated that those packets had not been tampered with (see, People v Julian, 41 NY2d 340, 342-343). The record contains "reasonable assurances of the identity and unchanged condition of" the packets in question (People v Gamble, 94 AD2d 960).

The court's charge on reasonable doubt did not deprive defendant of a fair trial (see, People v Jimenez, 147 AD2d 905, lv denied 73 NY2d 978; People v Luis, 145 AD2d 960, 961, lv denied 73 NY2d 923; People v Price, 144 AD2d 1013, lv denied 73 NY2d 895). We have reviewed defendant's remaining con-

tentions and conclude that they are without merit. (Appeal from judgment of Onondaga County Court, Cunningham, J.—criminal sale of controlled substance, third degree.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.