OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant did not challenge the admission of proof that the victim promptly complained of being raped. Nor did he object to the substance of the trial court’s instruction to the jury that a prompt complaint lends "some measure of reliability to the alleged victim’s story * * * [but] is not proof of the facts and circumstances * * * for [which] you must seek other proof.” Accordingly, we do not address the propriety of the prompt complaint evidence as admitted or of the charge as given in this case.
 

 In the context of this case, defendant does not challenge the existing law. His only argument is that the trial court committed reversible error by giving its instruction over his objection that the instruction would unduly draw the jury’s attention to the prompt complaint evidence. But if, as defendant concedes, proof that the victim promptly complained of being raped is admissible, under existing law, to show the reliability of that complaint
 
 (see, Boecio v People,
 
 41 NY 265;
 
 People v Deitsch,
 
 237 NY 300; Richardson, Evidence § 292 [Prince 10th ed]), it cannot be said that the trial court abused its discretion by advising the jurors of the legal principles
 
 *860
 
 which, defendant does not dispute, govern the use of that evidence in their deliberations
 
 (see,
 
 CPL 300.10 [2]).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Alexander taking no part.
 

 Order affirmed in a memorandum.