(May 9, 1990)

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JEFFREY PARNES, Defendant.—Application by the defendant pursuant to CPL 230.20 (2) for a change of venue of this action from Dutchess County to another county to be designated by this court, excluding Orange, Putnam or Ulster Counties.

Upon the papers filed in support of the application and the papers filed in opposition thereto, it is

Ordered that the application is denied.

Prior to the completion of jury selection at his trial on Dutchess County indictment No. 6/89, the defendant applied to this court pursuant to CPL 230.20 (2) for a change of venue, on the ground that he cannot obtain a fair and impartial trial in Dutchess County on the charges arising out of the murder of Nicholas Pavia, a former business associate. We find that the defendant has failed to establish "reasonable cause to believe that a fair and impartial trial cannot be had" (CPL

230.20 [2]) in Dutchess County. It is well settled that "pretrial publicity, even if pervasive and concentrated, does not necessarily lead to an unfair trial" *(People v Boudin,* 90 AD2d 253, 255; *People v McClary,* 150 AD2d 631, 632). Nor is it required that the jurors be totally ignorant of the facts and issues involved *(Irvin v Dowd,* 366 US 717, 722). Instead, "[i]t is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court" *(Irvin v Dowd, supra,* at 723).

From the papers submitted on this application and the transcript of the minutes of the voir dire previously conducted, there is no reason to believe that an impartial jury cannot be selected either from the number of potential jurors who have survived the initial screening or an additional panel. Mangano, P. J., Bracken, Rubin and Rosenblatt, JJ., concur.