■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS WHYSONG, Appellant.—Case held, decision reserved, and matter remitted to Niagara County Court for further proceedings, in accordance with the following Memorandum: Defendant failed to preserve for review his contention on appeal that the court erroneously admitted into evidence defendant's statement that he wanted a lawyer. In any event, admission of that statement did not penalize defendant for asserting his constitutional right to counsel by creating an inference of guilt *(cf., People v Al-Kanani,* 26 NY2d 473, 478), because defendant's request for a lawyer was not for the purpose of defending himself from an accusation of a crime, but for the expressed purpose of suing for "police brutality".

The alleged incidents of prosecutorial misconduct were not objected to and, thus, were not preserved for review as a matter of law, and we decline to exercise our power to review in the interest of justice.

In the absence of any objection, reversal is not required by the alleged error in the court's charge on reasonable doubt *(see, People v Luis,* 145 AD2d 960, 961, *lv denied* 73 NY2d 923; *People v Price,* 144 AD2d 1013, 1013-1014, *lv denied* 73 NY2d 895; *People v Mitchell,* 124 AD2d 977). Nor, in the absence of any objection, is reversal required by the alleged error in the court's charge on the effect of defendant's failure to testify *(see, People v Collins,* 170 AD2d 1006).

Further, we determine that the verdict was not against the weight of the evidence and defendant's sentence is not harsh and excessive.

We are compelled to hold the appeal, however, and to remit to the trial court for further proceedings because of a serious defect in the procedure determining defendant's capacity to stand trial (see, CPL art 730). The defect concerns the report of one of the two psychiatrists who examined defendant prior to trial. In his report, the psychiatrist, referring to Penal Law § 40.15, expressed the opinion that defendant did not, by reason of mental disease or defect, lack criminal responsibility for the crimes he committed. He failed, however, to give any opinion whether defendant lacked the "capacity to understand the proceedings against him or to assist in his own defense" (CPL 730.10 [1]). The failure to secure a second psychiatric report concerning defendant's capacity to stand trial violates the mandatory provisions of CPL 730.20 (see, People v Armlin, 37 NY2d 167, 172).

Under the circumstances of this case, particularly since defendant was examined by two psychiatrists before trial, a reconstruction hearing is appropriate to determine whether defendant had the mental capacity at the time of trial to understand the proceedings against him and to have assisted in his own defense (see, People v Arnold, 113 AD2d 101, 107 [and cases cited therein]).

The appeal is held, therefore, and the matter remitted for a reconstruction hearing to determine whether defendant was able to understand the proceedings against him and to assist in his own defense at the time of the trial. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Attempted Murder, 1st Degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Lowery, JJ.