■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY McINTYRE, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's argument that County Court erred in receiving into evidence a

package containing cocaine, which the proof demonstrated was sold by defendant to an undercover police officer. Although the police chemist acknowledged that the heat seal of the exhibit's outer plastic bag was not fully intact before she actually tested the substance, she also asserted that the seal either partially "had not caught" or that the "seal came apart" as she was handling the bag and "looking for a place to cut into it". In any event, the exhibit's inner plastic bag containing the narcotics was knotted and sealed with tape bearing the date of the crime, the crime report number and the initials of the undercover police officer who seized the evidence. The testimony of the officer and the police chemist established that the inner plastic bag containing the cocaine had not been tampered with, and was the same bag that was purchased by the officer and tested by the chemist. The record thus contains reasonable assurances of the identity and unchanged condition of the packet sold by defendant (see, People v Green, 155 AD2d 880, lv denied 75 NY2d 813; People v Rice, 137 AD2d 845, lv denied 71 NY2d 1032). In the circumstances presented, we conclude that the testimony concerning the condition of the seal of the outer bag bears on the weight to be accorded the evidence rather than its admissibility (see, People v Connelly, 35 NY2d 171, 175).

We have reviewed the other issues raised by defendant and find them to be without merit. (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Dillon, P. J., Callahan, Denman, Green and Lowery, JJ.