■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS DEMOTT, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that he was deprived of a fair trial by the cumulative effect of alleged errors in the court's charge and the prosecutor's comments upon summation. Defendant failed to object to the prosecutor's remarks concerning the child-witnesses' credibility and, therefore, has not preserved that issue for our review *(see,* CPL 470.05 [2]). In any event, the prosecutor's remarks represented a fair response to defense counsel's summation *(People v Price,* 144 AD2d 1013, *lv denied* 73 NY2d 895; *People v Tardbania,* 130 AD2d 954, *affd* 72 NY2d 852). The prosecutor's comment to the jury not to "let him get away with it", while clearly improper, does not require reversal because the trial court immediately gave adequate curative instructions to the jury.

Defendant failed to preserve for our review his challenge to the court's charge on reasonable doubt *(see,* CPL 470.05 [2]). Although the court's reasonable doubt charge included phrases that we have previously criticized *(see, People v Green,* 155 AD2d 880, *lv denied* 75 NY2d 813; *People v Phoenix,* 148 AD2d 942, *lv denied* 73 NY2d 1020; *People v Jimenez,* 147 AD2d 905, *lv denied* 73 NY2d 978; *People v Luis,* 145 AD2d 960, *lv denied* 73 NY2d 923; *People v Price,* 144 AD2d 1013, *supra,* and cases cited therein), reversal is not necessary because the charge, as a whole, conveyed the proper standard to the jury.

Defendant further failed to preserve for our review his challenge to the court's comment to the jury regarding the information that could be provided to them on the verdict sheet *(see,* CPL 470.05 [2]). That unpreserved issue does not require reversal.

Defendant's sentence was not harsh and excessive. The trial court did not improperly restrict defense counsel's cross-examination of two of the victims nor did it improperly admit evidence of uncharged crimes. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Sexual Abuse, 1st Degree.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.