■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNALDO GARCIA, Appellant.

In instructing the jury on reasonable doubt, Judge Cunningham stated that the doubt "must be based on some good sound substantial reason" and that a juror who has a reasonable doubt "ought to first be able to justify that doubt in his or her own mind" and "ought to be able to articulate that to your fellow jurors in the case". The court then went on to emphasize that it was not the duty of the People to establish guilt beyond all possible or imaginary doubt and instructed the jury: "That degree of proof cannot be had in human affairs. It's two o'clock in the morning, it's six months ago, there's going to be little discrepancies or differences in testimony, that's not the burden the People have, proof to a mathematical certainty or an absolute certainty. If the People were held to that degree of proof, it would be useless to try anyone in a criminal case. Reasonable doubt is an actual doubt, one which you are conscious of having in your minds after you have considered all of the evidence in the case." Although defendant's counsel did not specifically except to the "substantial reason" language of the charge, he did take exception to the "there's going to be little discrepancies or differences in testimony" language in the charge.

This Court has repeatedly noted our strong disapproval of Judge Cunningham's use of the phrase "good sound substantial reason" when describing proof beyond a reasonable doubt (see, People v DeMott, 178 AD2d 935; People v Green, 155 AD2d 880, lv denied 75 NY2d 813; People v Phoenix, 148 AD2d 942, lv denied 73 NY2d 1020; People v Jimenez, 147 AD2d 905, lv denied 73 NY2d 978; People v Luis, 145 AD2d 960, lv denied 73 NY2d 923; People v Price, 144 AD2d 1013, lv denied 73 NY2d 895). Here, the additional gratuitous comments by the trial court in its charge were patently improper and were properly objected to by defense counsel. In our view, those improper comments, when coupled with the trial court's earlier improper use of the phrase "good sound substantial reason", failed to convey the proper standard to the jury and require us to reverse defendant's conviction (see, People v Newell, 178 AD2d 959; People v Phoenix, supra; People v Jimenez, supra).

Since a new trial is required, we need not address the

merits of the other issues raised. We note only that defendant suffered no prejudice as a result of the court's *Sandoval* ruling, because the prosecution never cross-examined the defendant about prior drug-related charges or convictions. We also conclude that the suppression court properly determined that the police were justified in stopping defendant's auto for a motor vehicle infraction and in seizing the contraband which he had thrown out of the window *(see, People v Mikel,* 152 AD2d 603, 604-605). The fact that the police did not issue a traffic ticket does not invalidate the stop. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.