■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ANTHONY STEWART, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: County Court erred in denying defendant's challenge of a prospective juror for cause. Defendant used one of his peremptory challenges to excuse the prospective juror and thereafter exhausted his peremptory challenges. When questioned by defense counsel, the prospective juror admitted that it would be difficult for him to set aside information he had received from news accounts of the crime. Although the prospective juror stated that this would make it difficult for him to be impartial, County Court considered that to be insufficient justification for disqualifying him.

It is well settled that a trial court "should lean toward disqualifying a prospective juror of dubious impartiality, rather than testing the bounds of discretion by permitting such a juror to serve" *(People v Branch,* 46 NY2d 645, 651; *see also,* CPL 270.20 [1] [b]; *People v Torpey,* 63 NY2d 361, *rearg denied* 64 NY2d 885; *People v Blyden,* 55 NY2d 73; *People v Culhane,* 33 NY2d 90). While it is true that the jury need not be totally ignorant of the facts and issues involved *(see, People*

*v Culhane, supra),* and a juror is not subject to disqualification because he has read newspaper accounts of the crime *(People v Butts,* 140 AD2d 739; *People v Taylor,* 97 AD2d 983), when it is shown that there is a substantial risk that a juror may not be impartial, he should be excused. In the absence of any showing that the prospective juror could lay aside the information that he had and render a verdict based solely upon the evidence *(see, People v Parnes,* 161 AD2d 615), the denial of a challenge for cause was error and defendant's conviction must be reversed *(see,* CPL 270.20 [2]; *People v Culhane, supra).*

In light of our reversal we need not address defendant's remaining contentions. We alert County Court's attention, however, to the number of times we have disapproved of its charge defining reasonable doubt *(see, People v Bussey,* 185 AD2d 685 [decided herewith]; *People v DeMott,* 178 AD2d 935; *People v Green,* 155 AD2d 880, *lv denied* 75 NY2d 813; *People v Phoenix,* 148 AD2d 942, *lv denied* 73 NY2d 1020; *People v Jimenez,* 147 AD2d 905, *lv denied* 73 NY2d 978; *People v Luis,* 145 AD2d 960, 961, *lv denied* 73 NY2d 923; *People v Price,* 144 AD2d 1013, *lv denied* 73 NY2d 895). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Green, Boehm and Davis, JJ.