■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE W. GEDDES, JR., Appellant.—Judgment unanimously reversed on the law and as a matter of discretion in the interest of justice and new trial granted. Memorandum: Defendant was convicted, following a jury trial, of rape in the first degree, rape in the second degree, and sexual abuse in the first degree. On appeal, defendant contends that the trial court's instructions to the jury on reasonable doubt deprived him of a fair trial because they impermissibly diminished the People's burden of establishing defendant's guilt beyond a reasonable doubt and that, although he did not object to the charge as given, reversal is required in the interest of justice. We agree. In its charge to the jury, the trial court incorrectly defined reasonable doubt as one which "must be based upon some good sound substantial reason". Additionally, the court instructed the jury that it was not the People's burden to establish defendant's guilt "beyond all possible doubt or to a mathematical certainty" and emphasized that, "if the People were held to that burden of proof, it cannot be done * * * after all this is a November of 1989 charge, and there has been a period of time, again, it would be useless to try anyone in a criminal court if a higher burden existed".

The court's use of the "good sound substantial reason" language in defining proof beyond a reasonable doubt, when coupled with the court's improper comments that implied that the People's burden of proof was diminished because the time of the alleged incident was remote, failed to convey the proper standard to the jury, and thereby deprived defendant of a fair trial *(see, People v Frank,* 186 AD2d 977 [decided herewith]; *People v Garcia,* 179 AD2d 1047; *People v Newell,* 178 AD2d 959).

Furthermore, reversal is required because the court erred in refusing defendant's request that the jury be instructed that it

could consider the victim's delay in reporting the incident in assessing her credibility *(see, Baccio v People,* 41 NY 265; *People v Derrick,* 96 AD2d 600; *cf., People v Bessette,* 169 AD2d 876, *lv denied* 77 NY2d 992; *People v Williams,* 75 NY2d 858, *affg* 147 AD2d 904). That error cannot be deemed harmless because the proof of defendant's guilt is not overwhelming *(see, People v Crimmins,* 36 NY2d 230, 241).

We have examined defendant's remaining contentions and we find each one to be lacking in merit. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Rape, 1st Degree.) Present—Callahan, J. P., Green, Pine, Boehm and Davis, JJ.