■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATHY MOYER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the court committed reversible error by admitting the contraband into evidence because the People failed to establish either a continuous chain of custody after its purchase by the undercover police officer or reasonable assurances of its identity and unchanged condition. We disagree.

"When real evidence is purported to be the actual object associated with a crime, the proof of accuracy has two elements. The offering party must establish, first, that the evidence is identical to that involved in the crime; and second, that it has not been tampered with" *(People v Julian,* 41

NY2d 340, 342-343; *see also, People v Green,* 155 AD2d 880, *lv denied* 75 NY2d 813; *People v Gamble,* 94 AD2d 960). The accuracy of the evidence itself is the focus of inquiry and it must be demonstrated by clear and convincing evidence *(see, People v McGee,* 49 NY2d 48, 59). Proof of a complete chain of custody is one technique for showing the accuracy and authenticity of a fungible item of real evidence *(see, People v Connelly,* 35 NY2d 171, 174), but failure to establish a complete chain of custody may be excused " 'where the circumstances provide reasonable assurances of the identity and unchanged condition' of the evidence" *(People v Julian, supra,* at 343, quoting *Amaro v City of New York,* 40 NY2d 30, 35; *see also, People v McGee, supra,* at 59-60; *People v Green, supra,* at 880; *People v Steiner,* 148 AD2d 980). Here, the People's failure to call as a witness, a former employee of the police laboratory who analyzed the contraband, is not fatal to the People's case because the undercover police officer who received it and the police chemist who analyzed it identified the contraband based upon the markings they placed on the package that contained the contraband. That testimony established that the contraband had not been tampered with and was the same contraband purchased by the undercover officer and tested by the chemist. Therefore, the record contains reasonable assurances of the identity and unchanged condition of the contraband *(see, People v McIntyre,* 175 AD2d 637, 638, *lv denied* 79 NY2d 860; *People v Green, supra; People v Rice,* 137 AD2d 845, *lv denied* 71 NY2d 1032).

Defendant's contention that the court's charge on the agency defense was erroneous and requires reversal lacks merit. Upon our review of that charge, considered as a whole *(see, People v Andujas,* 79 NY2d 113, 118; *People v Crumble,* 286 NY 24, 26), we conclude that it was proper and did not run the risk, as defendant contends, of requiring the jury to rule out the agency defense if it found that defendant may have anticipated receiving a small or incidental benefit from the seller *(cf., People v Andujas, supra).*

Finally, we conclude that the People disproved the agency defense beyond a reasonable doubt *(see, People v Matos,* 123 AD2d 330, 331, *lv denied* 68 NY2d 1002; *People v Viera,* 116 AD2d 609, *lv denied* 67 NY2d 891) and that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Callahan, J. P., Green, Pine, Boehm and Davis, JJ.