THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ROBERT L. TOWNDROW, Appellant.

Fourth Department, February 5, 1993

## APPEARANCES OF COUNSEL

*Gerald T. Barth,* Syracuse *(W. Benjamin Coffin* of counsel), for Robert T. Towndrow and another, appellants.

*Steven Paquette,* Syracuse, for George Ward, appellant.

*William J. Fitzpatrick, District Attorney* of Onondaga County, Syracuse *(Gary Kelder* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

■ We write to state unequivocally our disapproval of the reasonable doubt instruction given by the trial court. In each of the three cases before us, the court gave an instruction on reasonable doubt that, in its totality, failed to convey to the jury the correct rule of law to be applied in reaching its verdict *(see, People v Canty,* 60 NY2d 830, 832), and deprived defendant of a fair trial by diluting the People's burden of proof *(see, People v Geddes,* 186 AD2d 993; *People v Garcia,* 179 AD2d 1047, 1048). The court gave the objectionable instruction in each case despite our continued criticism of its charge on reasonable doubt. It should hardly need to be stated that trial courts are bound to follow the holdings of the Appellate Division *(Duffy v Horton Mem. Hosp.,* 66 NY2d 473, 475; *Ross Bicycles v Citibank,* 149 AD2d 330, 331; *State of New York v Glen & Mohawk Milk Assn.,* 114 Misc 2d 363, 368, *affd* 93 AD2d 975, *affd* 61 NY2d 705; *Himes v Stalker,* 99 Misc 2d 610, 616; *see, People v Munoz,* 40 AD2d 337, 338, *affd* 33 NY2d 998). As a result of the court's deliberate refusal to heed our numerous prior rulings, and its unwillingness to conform its instructions to the law, we are forced to reverse convictions that involve grievous criminal conduct, and to order new trials. That results in a great disservice to the taxpayers, who must bear the substantial cost of retrials; to the public, whose faith in the criminal justice system must certainly be weakened; and to the parties and victims, who will be required to undergo the rigors of retrials.

In each of the cases before us, the court instructed the jury that reasonable doubt must be "based upon some good sound substantial reason". We have condemned that formulation repeatedly, in language that leaves no doubt about its impropriety *(see, People v Geddes, supra; People v Frank,* 186 AD2d 977; *People v Garcia, supra; People v Stewart,* 185 AD2d 677; *People v Newell,* 178 AD2d 959; *People v DeMott,* 178 AD2d 935; *People v Phoenix,*

148 AD2d 942, *lv denied* 73 NY2d 1020; *People v Jimenez,* 147 AD2d 905, *lv denied* 73 NY2d 978; *People v Luis,* 145 AD2d 960, 961, *lv denied* 73 NY2d 923; *People v Thompson,* 145 AD2d 952, *lv denied* 73 NY2d 983; *People v Price,* 144 AD2d 1013, *lv denied* 73 NY2d 895; *People v Balian,* 49 AD2d 94, 98). We point out that almost all of the foregoing decisions reviewed trials conducted by the same Trial Judge.

That language, standing alone, would not require reversal; additionally, however, in each of the three cases, the court's charge unfairly diluted the People's burden of proof by emphasizing difficulties encountered in prosecution of the crimes. For example, in *People v Ward,* involving allegations of child sexual abuse, the court stated: "That is not the degree of proof the People must meet. That degree of proof cannot be had in our human affairs. You heard the testimony concerning the time element, when the testimony was given, in light of the circumstances, and as it happened in that month of May, if that is what you decide, of 1989. If the People were held to that degree of proof, it would be useless to try anyone in a criminal court."

In *People v Towndrow,* similarly involving charges of child sexual abuse, the court stated: "That degree of proof cannot be had in human affairs. We're dealing with young people, six months back. That degree of proof is not what the People have to bear."

In *People v Smith,* an attempted robbery prosecution, the court gave the following charge: "After all, this was June 8th of last year, almost—a little over a year ago when this happened. And it was 2:30 in the morning, or past that time. That is not the degree of proof the People have in any case, as it cannot be had, as I've indicated, in human affairs, and if the People were held to that degree of proof, you couldn't try anybody in a criminal case."

The court's comments "improper[ly] * * * implied that the People's burden of proof was diminished because the time of the alleged incident was remote" *(People v Geddes, supra,* at 993) or because the witnesses were children. The court's inappropriate and gratuitous comments suggested that discrepancies in the proof were to be disregarded. Thus, the charge had the inevitable effect of lessening the People's burden of proof *(People v Geddes, supra; People v Garcia, supra).*

Additionally, in *People v Ward,* the court instructed the

jury: "If, on the other hand, you have been convinced as to the guilt of the defendant, as to each and every material element of the charges against him, it is just as much as your duty to convict him of the crime, *whatever the evidence establishes.*" (Emphasis added.) The italicized phrase, although perhaps not erroneous when considered in context, was potentially confusing. It thus compounded the other errors in the court's charge.

Portions of the instruction were objected to in *Ward,* thereby requiring reversal as a matter of law in that case. Although there was no objection to any aspect of the charge in *Towndrow* or *Smith,* or to the most egregious aspect of the charge in *Ward,* we conclude that, as a consequence of the fundamental unfairness, the convictions must be reversed in the interest of justice in all three cases. As a result of the court's incorrect and unbalanced charge on reasonable doubt, defendants were deprived of a fair trial *(see, People v Geddes, supra;* CPL 470.15 [3] [c]; [6] [a]).

█ Finally, we conclude that, in any event, reversal on the law is required in *People v Smith.* Defendant's absence from the *Sandoval* hearing held in chambers deprived him of his constitutional right to be present during all material stages of the trial *(see, People v Beasley,* 80 NY2d 981; *People v Dokes,* 79 NY2d 656, 662).

Accordingly, the judgments should be reversed and new trials granted.

DENMAN, P. J., GREEN, LAWTON, FALLON and DOERR, JJ., concur.

Judgment unanimously reversed, as a matter of discretion in the interest of justice, and new trial granted.