■ In the Matter of SAMUEL MATOS, Petitioner, v HANS WALKER, as Superintendent of Auburn Correctional Facility, Respondent. [595 NYS2d 345] —Determination unanimously confirmed and petition dismissed. Memorandum: Petitioner argues that the determination was not supported by substantial evidence because neither the inmate whom he allegedly assaulted nor the correction officers who authored the misbehavior reports testified at petitioner's Tier III disciplinary hearing. That argument lacks merit because the misbehavior reports constituted substantial evidence *(see, Matter of Perez v Wilmot,* 67 NY2d 615; *People ex rel. Vega v Smith,* 66 NY2d 130).* The Hearing Officer was entitled to credit those reports over the testimony of petitioner *(see, Matter of Perez v Wilmot, supra; Matter of Riggins v Kelly,* 163 AD2d 912). Petitioner failed to exhaust his administrative remedies with respect to his argument that the charges were redundant *(see, Matter of Nelson v Coughlin,* 188 AD2d 1071). We have examined his remaining arguments and find them to be without merit. (Article 78 Proceeding Transferred by Order of Supreme Court, Cayuga County, Contiguglia, J.) Present—Green, J. P., Pine, Lawton, Fallon and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KYLER, Also Known as KALEEF, Appellant. [595 NYS2d 346] —Judgment unanimously affirmed. Memorandum: Defendant has failed to preserve for our review his contention that statements made by the prosecutor during summation deprived him of a fair trial *(see,* CPL 470.05 [2]; *People v Dawson,* 50 NY2d 311, 324). Were we to reach it, we would find the contention to be without merit. The alleged improper comments were fair comment on the evidence and fair response to defense counsel's summation *(see, People v Price,* 144 AD2d 1013, *lv denied* 73 NY2d 895; *see also, People v Plant,* 138 AD2d 968, *lv denied* 71 NY2d 1031). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Rape, 1st Degree.) Present—Green, J. P., Pine, Lawton, Fallon and Davis, JJ.