■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRYSTAL GRIFFIN, Appellant. [623 NYS2d 462] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied the motion of defendant to suppress the weapon found in her automobile. The initial police stop of her automobile was proper because the officer had a reasonable belief that defendant was violating Vehicle and Traffic Law § 1229-c (3) *(see, People v Ingle,* 36 NY2d 413, 420; *People v Ramos,* 161 AD2d 198, 199-200; *People v Phillips,* 159 AD2d 326; *People v Hines,* 155 AD2d 722, *lv denied* 76 NY2d 736).

Before defendant stopped her automobile, the police officer observed the passenger turn around and act in a manner suggesting that the passenger was attempting to conceal something in the backseat. After defendant stopped her automobile, the police officer noticed the cushion of the backseat pulled away and observed "a pipe that was sticking out from under the seat which appeared to be the barrel of a gun." Under the circumstances, the officer had "information sufficient to support a reasonable belief that * * * evidence of a crime may be found in a certain place [citations omitted]" *(People v Bigelow,* 66 NY2d 417, 423; *see, People v Fulton,* 189 AD2d 778, *lv denied* 81 NY2d 1014; *People v Vaneiken,* 166 AD2d 308; *People v Paone,* 103 AD2d 1012). "It was the probable cause to believe a gun was in the car that gave the police officers grounds for the search of the car" *(People v Ellis,* 62 NY2d 393, 397; *see, People v Blasich,* 73 NY2d 673). (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.