◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY DILLARD, Appellant. [623 NYS2d 463] —Judgment unan-

imously affirmed. Memorandum: Police Officer Maurice LeGuerrier testified at a suppression hearing that he was in a marked police vehicle when he observed another vehicle five to six car lengths from him. There were two people in the vehicle, neither of whom was wearing a harness seat belt. LeGuerrier stopped the vehicle because he had observed a violation of Vehicle and Traffic Law § 1229-c (3). Neither defendant nor his passenger was able to produce a driver's license or registration for the vehicle. LeGuerrier intended to take defendant to the police station to determine his identity and to have the vehicle towed to the station. Before placing defendant in his vehicle, LeGuerrier searched defendant and removed a packet of cocaine from defendant's waistband.

We reject defendant's contention that the stop was pretextual in nature. "[T]here is no indication that the police had already determined to stop and arrest defendant prior to the stop" *(People v Gadsden,* 192 AD2d 1103, *lv denied* 82 NY2d 718; *see, People v Scott,* 210 AD2d 920). Defendant, who testified at the suppression hearing, did not allege that he was wearing his harness seat belt and, therefore, there is no evidence to support the contention that the stop was unlawful *(see, People v Griffin,* 212 AD2d 967 [decided herewith]). Under the circumstances, the arrest was warranted and the search of defendant's person incidental thereto was lawful *(see, People v Copeland,* 39 NY2d 986, 986-987; *see also, People v Ellis,* 62 NY2d 393, 396; *People v Rhodes,* 206 AD2d 710). (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.