■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRY W. JOHNSON, Appellant. [632 NYS2d 1003] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that County Court erred in failing to dismiss the charge of tampering with physical evidence (see, Penal Law § 215.40 [2]). Contrary to defendant's contention, ev-

idence of an actual or prospective official proceeding was not necessary because such an official proceeding " 'could readily [have been] contemplated' " under the circumstances *(People v DeRue,* 179 AD2d 1027, 1029). Additionally, there is no requirement that an official proceeding have commenced by the time of trial *(see,* Penal Law § 215.40). Upon our review of the record, we conclude that the conviction of tampering with physical evidence is supported by legally sufficient evidence and is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Finally, the prosecutor's comments on summation did not mischaracterize the proof and in any event were fair response to defense counsel's summation *(see, People v Kyler,* 191 AD2d 1029, lv denied 81 NY2d 1015; *People v Price,* 144 AD2d 1013, *lv denied* 73 NY2d 895). (Appeal from Judgment of Jefferson County Court, Clary, J.—Tampering with Physical Evidence.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.