■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP L. WAASDORP, Appellant. [655 NYS2d 209] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in denying his motion to suppress the marihuana seized from him on the ground that it was the result of an illegal search. We disagree. The record establishes that a police officer observed a vehicle being driven erratically by defendant, stopped the vehicle and requested defendant's license and registration. Defendant was unable to produce a driver's license, but gave the officer his name, birth date and address. Upon transmitting that information, the officer was advised that defendant's license was suspended when defen-

dant failed to answer a summons. The officer placed defendant under arrest and, while frisking him, felt a large object inside his jacket between his wrist and elbow. The officer testified that the object did not feel like a gun and that he could not determine what the object was. The officer removed the object, a brown plastic bag, from defendant's jacket and found that the bag contained a green leafy substance later determined to be marihuana. Under those circumstances, defendant's arrest was warranted and the search of defendant's person incident thereto was lawful (*see, People v Dillard*, 212 AD2d 1029, 1030, *lv denied* 86 NY2d 734; *see also, People v Copeland*, 39 NY2d 986).

We agree with defendant, however, that the court erred in failing to suppress his responses to police questioning after he was arrested but before he was given his *Miranda* warnings. In response to police questioning concerning the identity of an object in his jacket sleeve, defendant stated, "You will find out". The admission of that statement is harmless error, however, because the proof of guilt is overwhelming and there is no reasonable possibility that the error contributed to his conviction (*see, People v Crimmins*, 36 NY2d 230, 237).

Defendant further contends that the court erred in admitting the marihuana into evidence. We disagree. The record contains reasonable assurances of the identity and unchanged condition of the marihuana seized from defendant (*see, People v Moyer*, 186 AD2d 997, 998, *lv denied* 81 NY2d 844; *People v McIntyre*, 175 AD2d 637, 638, *lv denied* 79 NY2d 860).

Defendant also contends that his conviction of criminal possession of marihuana in the third degree is not supported by legally sufficient evidence because the People failed to establish that he knew the weight of the marihuana. Penal Law § 221.20 provides that a person is guilty of criminal possession of marihuana in the third degree when that person knowingly and unlawfully possesses one or more preparations, compounds, mixtures or substances containing marihuana, with an aggregate weight of more than eight ounces. The People presented evidence that defendant possessed 11.9 ounces of marihuana hidden in a plastic bag in the sleeve of his jacket. That evidence is sufficient to establish that defendant knowingly possessed marihuana with an aggregate weight of over eight ounces (*see, People v Fenti*, 234 AD2d 953; *People v Dillon*, 207 AD2d 793, 796, *affd* 87 NY2d 885; *see also, People v Sanchez*, 86 NY2d 27, 33-34). (Appeal from Judgment of Yates County Court, Falvey, J.—Criminal Possession Marihuana, 3rd Degree.) Present—Lawton, J. P., Doerr, Boehm and Fallon, JJ.