■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK RAINES, Appellant. [661 NYS2d 812] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts of criminal sale of a controlled substance in the third degree and two counts each of criminal possession of a controlled substance in the third and seventh degrees, stemming from his sale of crack cocaine on two occasions to an undercover officer. A confidential informant accompanied the officer during the first transaction. By failing to move to dismiss the indictment on the ground that the People failed to produce the confidential informant as a witness, defendant failed to preserve that issue for our review (see, CPL 470.05 [2]; People v Padro, 75 NY2d 820, rearg denied 75 NY2d 1005, rearg dismissed 81 NY2d 989). In any event, the record does not support the contention that the suppression court ordered the People to produce the informant as a witness. Further, the only relief sought by defendant at trial was a missing witness charge, which relief the trial court granted.

There is no merit to the contention that improper comments by the prosecutor during summation deprived defendant of a fair trial. His comments on the evidence and credibility "were within the wide rhetorical bounds granted to the prosecutor" (People v Price, 144 AD2d 1013, lv denied 73 NY2d 895), and, although the prosecutor improperly expressed his personal belief on an evidentiary discrepancy concerning the height of defendant, that isolated comment did not substantially prejudice defendant (see, People v Rubin, 101 AD2d 71, 77).

We further conclude that the verdict is not contrary to the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495), that defendant was not denied effective assistance of counsel (see, People v Baldi, 54 NY2d 137, 147) and that the sentence is not unduly harsh or severe. (Appeal from Judgment of Onondaga County Court, Dwyer, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Balio, JJ.