People v Vega (2018 NY Slip Op 08781)





People v Vega


2018 NY Slip Op 08781


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1017 KA 16-01447

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JESUS VEGA, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered July 25, 2016. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). Defendant contends that he was denied due process of law because the mental competency examination reports prepared by two psychiatric examiners pursuant to an order of County Court failed to comply with the requirements of CPL article 730. We reject that contention. The examination reports submitted to the court pursuant to CPL 730.20 and 730.30 were made by psychiatric examiners as defined by CPL 730.10 (7). Each report includes the opinion of the psychiatric examiner that defendant is not an incapacitated person and that he is able to cooperate with his lawyer and participate in his defense, and each report sufficiently states the nature and extent of the examination (see CPL 730.10 [8]). Although one of the reports is typewritten on plain paper rather than on the standardized form, we conclude that where, as here, the report communicates all of the information essential to enable the court to make a full and impartial determination of defendant's mental capacity, the deviation in format is not substantial (see People v Carkner, 213 AD2d 735, 739 [3d Dept 1995], lv denied 85 NY2d 970 [1995], lv denied 86 NY2d 733 [1995]; cf. People v Meurer, 184 AD2d 1067, 1068 [4th Dept 1992], lv dismissed 80 NY2d 835 [1992], lv denied 80 NY2d 907 [1992]; People v Whysong, 175 AD2d 576, 577 [4th Dept 1991]; People v Lowe, 109 AD2d 300, 303-304 [4th Dept 1985], lv denied 67 NY2d 653 [1986]). Furthermore, the alleged factual errors contained in one of the reports are harmless misstatements that were not relevant to the issue of defendant's mental capacity and competency to stand trial. Inasmuch as the examination reports substantially comply with the requirements set forth in CPL article 730, we conclude that defendant was not denied due process.
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "The resolution of credibility issues by the jury and its determination of the weight to be given to the evidence are accorded great deference" (People v Wallace, 306 AD2d 802, 802 [4th Dept 2003]). Contrary to defendant's contention, the jury was entitled to credit the testimony of the correction officer who discovered the shank during a search of defendant's person and to reject the version of the incident set forth by defendant (see People v Morrison, 48 AD3d 1044, 1045 [4th Dept 2008], lv denied 10 NY3d 867 [2008]).
Defendant's contention that the court abused its discretion in its Sandoval ruling is not preserved for our review (see CPL 470.05 [2]). In any event, we conclude that the court did not [*2]abuse its discretion in permitting the People to cross-examine defendant about the facts underlying a prior conviction for criminal contempt in the first degree. The court "properly balanced the appropriate factors" (People v Larkins, 153 AD3d 1584, 1585 [4th Dept 2017], lv denied 30 NY3d 1061 [2017]) and determined that the probative value of the evidence to be admitted outweighed the risk of unfair prejudice to defendant (see generally People v Sandoval, 34 NY2d 371, 377 [1974]).
Finally, defendant's sentence is not unduly harsh or severe.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court