■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE PHILLIPS, Appellant.—Judgment, Supreme Court, New York County (Franklin R. Weissberg, J.), rendered December 8, 1987, which convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree and sentenced him to a $150 fine and a mandatory $100 surcharge, unanimously affirmed.

The police initially approached defendant and asked for "papers" when they saw his van was parked illegally next to a fire hydrant. He showed them a registration which they checked to see if the van was stolen. The van was registered to defendant and he was permitted to leave. When the two officers realized they had not seen defendant's driver's license they approached the vehicle a second time and asked the defendant to pull over, and to see his license.

The second stopping of defendant's vehicle was a few feet from where the police originally checked his registration. The defendant stopped the van and got out, leaving his door open.

After stopping the defendant the second time and asking him for his driver's license (which had been suspended since 1978), one of the officers shone his flashlight into the van. He saw the end of a gun sticking out from under the driver's seat, and reached in to obtain the gun.

Defendant sought suppression of the gun as the product of an illegal search and seizure. The trial court denied the motion to suppress and we agree.

A police officer may stop an automobile based upon a reasonable suspicion that the occupants of the vehicle have committed a violation of the law, including traffic violations (People v Ingle, 36 NY2d 413). When a vehicle has justifiably been stopped, the Vehicle and Traffic Law requires that a motorist produce, upon demand of a police officer, the automobile registration, certificate and all other information required concerning his license to operate (Vehicle and Traffic Law § 401 [4]), and failure to exhibit a valid operator's license to a policeman is presumptive evidence that the motorist is not duly licensed. (People v Ingle, 36 NY2d, supra, at 416.)

Accordingly, under the circumstances present here, the stop was proper and the gun which was discovered in plain view was not the product of an unlawful search, and the suppres-

sion motion was properly denied. Concur—Carro, J. P., Kassal, Ellerin, Wallach and Rubin, JJ.