■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SMITH, Appellant. [602 NYS2d 279] —Judgment unanimously affirmed. Memorandum: The suppression court properly refused to suppress a handgun found underneath the seat of a car in which defendant was a passenger. Acting upon information radioed by a fellow officer that two vehicles had been involved in conduct constituting menacing and that there had been gunshots, police officers in an unmarked car responded to the location where those vehicles were parked. After ascertaining the plate number of one of the vehicles, a black Toyota hatchback, the officers followed the vehicles as they proceeded from that location. When the suspect vehicles eventually went in different directions, the officers continued to follow the black hatchback. After observing the occupants of that vehicle frequently turning to look back at their unmarked car and noting that the vehicle was traveling at speeds reaching 45 m.p.h., in excess of the posted limit of 30 m.p.h., the officers stopped the vehicle. Although the victim of the menacing incident told police that she was approached by occupants of only a maroon car, the record reveals that both vehicles were traveling together. Under the circumstances, the officers possessed specific and articulable facts amounting to a reasonable suspicion that occupants of the black hatchback were committing, or had committed, a violation of the law, justifying the stop of that vehicle (see, People v Ingle, 36 NY2d 413, 420; People v Phillips, 159 AD2d 326; cf., People v Hoglen, 162 AD2d 1036, 1037, lv dismissed 76 NY2d 987). Moreover, although the officers were investigating the menacing incident, their observation that the hatchback was speeding further justified the stop (see, People v Brunson, 166 AD2d 204). (Appeal from Judgment of Monroe County Court, Egan, J.— Criminal Possession Weapon, 3rd Degree.) Present—Denman, P. J., Callahan, Balio, Boomer and Boehm, JJ.