■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ELVIN MAJOR, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRIS STOKLEY, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN THOMAS, Also Known as ANTHONY SMITH, Respondent. [693 NYS2d 30] —Order, Supreme Court, New York County (Joan Sudolnik, J.), entered on or about June 2, 1997, suppressing physical evidence and a post-arrest statement made by defendant Major, unanimously affirmed.

The anonymous tip reporting a generally described individual putting a gun in a described car at a specified location provided a founded suspicion that criminal activity was afoot, and thus provided the basis for a common-law inquiry. However, the testimony at the suppression hearing supports a reasonable inference that the actions of numerous uniformed

police officers who responded to the scene within a minute of the radio dispatcher's broadcast, including opening the car's door and peering into the car's interior and trunk with the aid of a flashlight, in fact went well beyond the common-law inquiry stage. Furthermore, since those officers permitted defendant Major to go on his way, and since there was no evidence of police on-the-scene observation of any additional factor providing at least a reasonable suspicion of criminal activity by the driver or occupants as the car proceeded lawfully along a public street, the subsequent stop of the car by another set of officers, based on their opinion that the first set of officers had not conducted an adequate search, was unlawful (*see, People v Spencer*, 84 NY2d 749, 753, *cert denied* 516 US 905). Accordingly, the court properly suppressed the gun ultimately seized from a hidden compartment in the car following a chain of events arising from the unlawful stop, as well as defendant Major's subsequent statement regarding the ownership of the car, as the tainted fruit of the unlawful police actions. Concur—Rosenberger, J. P., Williams, Mazzarelli, Lerner and Buckley, JJ.