People v Diomande (2025 NY Slip Op 02554)

People v Diomande

2025 NY Slip Op 02554

Decided on April 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 29, 2025

Before: Kern, J.P., Kennedy, Friedman, Gesmer, Scarpulla, JJ. 

Ind. No. 769/17|Appeal No. 4214|Case No. 2019-2299|

[*1]The People of the State of New York, Respondent,
v
Khaleed Diomande, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Sean Nuttall of counsel), and Holwell Shuster & Goldberg LLP, New York (Denis D. Metin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David E. A. Crowley of counsel), for respondent.

Judgment, Supreme Court, New York County (Michele Rodney, J.), rendered January 22, 2019, convicting defendant, after a jury trial, of two counts each of robbery in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 13 years, unanimously affirmed.
The court properly denied defendant's suppression motion. The hearing record supports a finding that the testifying officer had a reasonable suspicion that defendant had committed an offense based upon the fact that he closely matched the detailed description of the robber broadcast over the radio, and given both the geographic and temporal proximity to the robbery, which occurred in the early morning hours (see People v Scott, 223 AD3d 626, 627 [1st Dept 2024], lv denied 41 NY3d 985 [2024]; People v Paige, 154 AD3d 415, 415 [1st Dept 2017], lv denied 30 NY3d 1107 [2018]).
Defendant failed to preserve his current argument that the testifying officer had to have learned of an "additional factor" in order to instruct defendant to stop only moments after other officers had ended their encounter with him, and we decline to consider it in the interest of justice. As an alternative holding, we reject defendant's argument on the merits. The record at the hearing established that the testifying officer's justification was not exhausted or dispelled by the time he stopped defendant (cf. People v Banks, 85 NY2d 558, 562 [1995], cert denied 516 US 868 [1995]). Nor did the record establish that the testifying officer had the same justification for stopping defendant as the other officers, that he was aware of the extent of their investigation or the suspicion supporting it, or that the duration or scope of the stops were individually or collectively unreasonable (see United States v Foreste, 780 F3d 518, 524-525 [2d Cir 2015]; see also People v Phillips, 159 AD2d 326, 326 [1st Dept 1990]). People v Major is inapposite (263 AD2d 360, 360-361 [1st Dept 1999], lv denied 94 NY2d 825 [1999] [evidence only supported a common-law inquiry, and no additional factor was established following the first stop to warrant an increase from a common-law inquiry to a forcible stop and detention]).
Defendant's Confrontation Clause claim is unpreserved, and we decline to consider it in the interest of justice. As an alternative holding, we find no Confrontation Clause violation, as the DNA analysts testimony establishes that she conducted her own independent analysis of the data, which she reviewed in a meaningful way to enable her to independently verify of the accuracy of the results, and that she was not merely a conduit for the conclusions of others (see People v Jordan, 40 NY3d 396, 400-403 [2023]; People v John, 27 NY3d 294, 315 [2016]; People v Heyward, 214 AD3d 578, 580 [1st Dept 2023], lv denied 40 NY3d 934 [2023]). In any event, we find that any alleged error in admitting such evidence would be harmless.
Defendant's [*2]challenges to the prosecutor's comments in summation are largely unpreserved (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to consider them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
Defendant's argument that the court misapprehended its sentencing discretion because it misapplied Penal Law § 70.25(2-b) is subject to preservation requirements (see People v Garcia, 232 AD3d 553, 553 [1st Dept 2024], lv denied 48 NY3d 930 [2025]; People v Dunbar, 183 AD3d 1263, 1264-1265 [4th Dept 2020], lv denied 35 NY3d 1044 [2020]; People v Hamlet, 227 AD2d 203, 204 [1st Dept 1996], lv denied 88 NY2d 1021 [1996]), and we decline to consider this unpreserved argument in the interest of justice. We also note that there is nothing in the record to suggest that the court was inclined to impose a lesser sentence (see generally People v Young, 102 AD3d 1061, 1061 [3d Dept 2013]).
We perceive no basis to reduce defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2025